## Cable Piano Company v. Lewis, Jr., et al.

(Decided September 22, 1922.)

### Appeal from Bell Circuit Court.

1. Mortgages—Law of Another State.—An issue as to either the common or statutory law of another state, and the effect given thereto by such state, is one of fact and must be proven as any other fact, since courts will not take judicial notice thereof; but the testimony to establish the fact should be such as is permitted by the forum as competent for the purpose. However, such incompetency either of the witness or the manner of giving his testimony may be waived and if done the testimony will be accepted and such credence given to it as it is entitled to.

2. Mortgages—Removal of Property From Another State.—A duly executed and recorded chattel mortgage at the legal situs of the mortgaged property will be given the same effect in the state to which the property was subsequently removed as is given to it at the place where it was executed, if the property was removed without the consent of the mortgagee; but whether a like effect would be given if the mortgagee consented to the removal of the property is a question not decided.

3. Liens—Removal of Property From Another State.—The purchaser of a piano in the state of Georgia gave a written lien thereon to secure the purchase money which was properly executed and recorded in the county of his residence. He subsequently removed the piano to Kentucky and claimed to have sold it to an innocent party. It does not appear that the seller of the piano consented to the removal. Held, that as between the seller and the one to whom the purchaser sold it the lien of the former will prevail.

4. Notice—Facts Putting Upon Inquiry.—Whatever puts one on inquiry amounts in law to notice, provided the inquiry becomes a duty, and in such case he is deemed to have notice of all facts which a reasonable inquiry in the discharge of such duty would have revealed.

5. Mortgages—Duty of Purchaser From Mortgagor.—The purchaser of a chattel from a mortgagor was informed by the latter that a mortgage had been executed on the property to a named person giving his address, but stated at the time that the mortgage debt had been paid. Held, that the purchaser from the mortgagor was in duty bound to make inquiry after he learned of the existence of the mortgage and if he acted alone on the information that the debt had been paid he did so at his peril and his rights must be postponed to those of the mortgagee.

JAMES M. GILBERT for appellant.

No brief for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion for an appeal and reversing judgment.

The appellant and plaintiff below, Cable Piano Company, sold to appellee and defendant below, W. P. Stoner, who resided at the time in Walker county, Georgia, a piano for the agreed price of $475.00, upon which $59.00 was paid in cash at the time. Other payments were subsequently made, reducing the balance due to the sum of $307.00, with interest. While still owing that sum defendant removed himself and family from his Georgia residence to Bell county, Kentucky, carrying with him the piano and without reducing his indebtedness he attempted to sell it to his co-defendant, the appellee, James Lewis, Jr.

The contract for the sale of the piano to defendant Stoner was in writing and in it plaintiff retained title with the usual reserved rights of taking possession until the debt was fully discharged, which character of instrument in this jurisdiction has been construed to be nothing more than a mortgage of the property by the purchaser to secure the unpaid purchase price, provided the purchaser himself duly executes the contract, but in the one under consideration there was an express agreement, in addition to the retention of title, that the piano should be in lien for the unpaid purchase money, and it was signed by Stoner, the purchaser, and witnessed by a notary public and recorded in the office of the Superior Court of Walker county, where the purchaser and mortgagee resided.

This action was filed by plaintiff against defendants in the Bell circuit court seeking to assert its title to the piano by recovering possession of it under an order of claim and delivery as provided by sections 180-193, both

inclusive, of the Civil Code of Practice. There was an alternative plea that if plaintiff was not entitled to recover the possession of the piano it be adjudged a lien thereon for the balance of the purchase money due it and for a judgment enforcing that lien.

Each defendant filed separate answers, but since the court gave personal judgment against Stoner for the full amount claimed, and neither he nor plaintiff is objecting to that judgment on this appeal, it will be unnecessary to consider the issues raised by him, further than to say that his chief defense was that he had paid the entire consideration. Lewis, in his answer, stated that he purchased the piano from Stoner ''for a valuable consideration and that at the time he did so, said purchase was made in good faith, he not knowing that plaintiff or any other person or persons had any claim for indebtedness on the said W. P. Stoner or any one against it.'' He furthermore made the general allegation that he used due diligence to learn if there was any mortgage or lien upon the piano and that ''said W. P. Stoner represented to him that the title to the said piano was clear and that it was unencumbered.'' His answer was denied by a reply and upon the trial the court gave the personal judgment against Stoner, as above stated, but declined to enforce the lien against the piano, and dismissed the petition as against Lewis, to reverse which plaintiff has filed a transcript of the record in this court with a motion for an appeal.

No brief has been filed for the appellee, Lewis, and neither the judgment nor the record discloses the grounds for the court's judgment declining to enforce the lien and we are left to speculate as to what they were.

The proper execution and legal effect of the writing in the state of Georgia, where it was executed and recorded, are neither of them proven according to the prescribed forms of law for the purpose, but two witnesses testified thereto without objection. They were incompetent witnesses to such facts, but both their incompetency as well as the improper method for proving such facts, if the witnesses were competent, may be waived, and this court has constantly held that where neither the competency of the witness nor his testimony was objected to the error in admitting it was waived and it would be treated as competent for the purposes for which it was introduced. Tolly v. Champion, 191 Ky. 114; Roberson v. Roberson, 183 Ky. 45; Fears v.

United Loan and Deposit Bank, 172 Ky. 255. We will, therefore, treat the question from the standpoint of a validly recorded chattel mortgage in the state of Georgia.

The priority of the lien of the mortgagee of chattels, whose mortgage was properly recorded at the situs of the property, as against an innocent party without actual notice, and who acquired his rights in another jurisdiction to which the property was removed by the mortgagor, is a question about which the courts do not altogether agree. The great weight of authority, however, is that the constructive notice furnished by the recording of the mortgage will follow the property into whatever state or jurisdiction it may be carried and will affect purchasers, encumbrancers and creditors of the mortgagor to the same extent as it would if the rights were acquired at the place where the mortgage was recorded; and this is especially true if the mortgagee did not consent to the removal of the property. The preservation of the mortgagee's priority through the constructive notice furnished by his recorded mortgage is rested upon comity existing between foreign jurisdictions and which applies as between the different states of the Union as well as between foreign countries. It is, therefore, competent for a state to refuse to enforce the rule, which a small number of them do, while others have enacted statutes requiring such foreign mortgages to be re-recorded upon the removal of the property into their jurisdictions, but we have no such statute here. The general rule upon the subject is thus stated in 11 C. J. 424: "The great weight of authority is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid as against creditors and purchasers in good faith in another state to which property is removed by the mortgagor, unless there is some statute in that state to the contrary, or unless the transaction contravenes the settled law or policy of the forum. In some jurisdictions this is held to be the rule without regard to the presence or absence of consent or knowledge on the part of the mortgagee as to the removal, but by the better authority it seems that, where the mortgagee has consented to the removal of the property, he will forfeit his rights to a lien unless he takes such steps as are required for its protection by the statutes of the state into which the property is removed.

The recognition and enforcement of a lien or a mortgage executed in a foreign state is, however, a matter resting purely in comity; hence a state may by appropriate legislation decline to observe the rule of comity, and may require all mortgages affecting personal property which is situated therein and brought therein to be there recorded, as a condition precedent to the recognition of their validity in that state, and, although the requirement that an instrument conveying or affecting movable chattels shall be recorded in the place where the property is situated may not be in strict harmony with the common law doctrine that the disposition of movables is to be governed by the law of the domicile of the owner, it is certainly competent for a state to adopt a modification of this kind to the disposition of any property within its territorial limits.'' The doctrine of the text is supported by the cases of Ord National Bank v. Massey, 17 L. R. A. 127; Moore v. Keystone Driller Co., 1917D L. R. A. 940, and annotated notes thereto as well as the annotations to the cases of Snider v. Yates, 64 L. R. A. 343; Jones v. Pacific Fish & Oil Co., 6 L. R. A. (N. S.) 940, and Adams v. Fellers, 35 L. R. A. (N. S.) 385.

The Tennessee case of Snider v. Yates, *supra,* held that the lien of the mortgagee was not good in such cases unless re-recorded in the jurisdiction to which the property was removed, but that case was overruled by the same court in the later one of Newsum v. Hoffman, 124 Tenn. 369, 137 S. W. R. 490. In the annotation to the Moore case the present condition of the law upon the subject in the great majority of jurisdictions is thus stated: ''The rule sustained by the weight of authority as shown in the earlier notes, that, unless the legislature has expressly or by clear implication provided otherwise, a chattel mortgage given and duly recorded in the state where the property was then situated will by comity be enforced in another state to which the mortgaged chattel is subsequently removed without re-recording in the latter state, even as against an innocent purchaser or encumbrancer for value, at least where the mortgagee did not consent to its removal, is sustained by later cases,'' which statement is followed by cases from a number of the states.

The exact question does not seem to have heretofore been before this court, although we have held that constructive notice of a properly recorded mortgage would bind a purchaser or encumbrancer in another county to

which the property was removed. Hutchinson, McChesney & Co. v. Ford, 9 Bush 318. The same principle is by implication held in the case of Burbank and Burbank v. Bobbitt, 157 Ky. 524, and we are unable to detect any substantial distinction between the case of a removal of the property to a different county, and removing it to a different state. The exact question here was before our former Superior Court in the case of The Jones Stationery and Printing Co. v. Jeffrey, 9 Ky. L. R. 148, and the lien of the mortgagee was upheld as against attaching creditors, but whether they became such prior or subsequent to the execution of the mortgage does not appear.

The doctrine of the text and, as we have seen, that of a great majority of the courts was in effect adopted by this court in the case of Barney and Smith Mfg. Co. v. Hart, 8 Ky. L. R. 223, in which there was involved a contract very similar to the one in the instant case. Priority of the mortgagee, however, was denied because the contract creating the lien had not been recorded in the state where it was executed, which was the situs of the property, the effect of which holding was that if it had been so recorded the court was of the opinion the mortgage lien would prevail in this jurisdiction, to which the property had been removed. We need not and do not determine in this case whether the lien would be good here if the plaintiff had consented to the removal of the piano from Georgia into this state, since we are convinced from the testimony in the record that no such consent was given. In the absence of such consent we feel ourselves constrained to hold in accordance with the great majority of cases, which to our minds is supported by reason and logic, that in the absence of a statute to the contrary a duly executed and recorded chattel mortgage in another jurisdiction will operate to give constructive notice to all persons dealing with the property after its removal to this state even though they have no actual knowledge of the existence of the mortgage.

But we are not confined to record or constructive notice alone in support of the conclusions we have reached. Defendant, Lewis, alleged and testified in general terms that he purchased the piano "for a valuable consideration." It is extremely doubtful if such general language is sufficient to constitute him a *bona fide* purchaser, since it states a conclusion rather than a fact. He neither alleged nor proved what he paid or agreed to pay for

the piano or whether the consideration was nominal or substantial, and to say the least of it, we are in great doubt as to the sufficiency of his pleading, as well as his testimony. But, waiving that point, the bill of exceptions, duly certified by the judge and filed in the case, shows that defendants introduced Stoner as a witness in their behalf and his testimony in narrative form is, "that he sold the piano to his co-defendant and that Lewis paid him therefor and that before the sale by him to Lewis that he told Lewis that he had purchased the piano in litigation from the Cable Piano Co., whose address was Atlanta, Ga., and that *there was a mortgage on said piano* which he said he had paid but told Lewis that he did not have all of the receipts for it." Lewis in his testimony, according to the bill of exceptions, did not deny that statement. His testimony in the same form on the point being, "that he purchased the piano in question for a valuable consideration and that he did not *know* at the time of the purchase that there was any lien against the same," which might be literally true, since Stoner had told him that the lien that formerly existed by virtue of the mortgage had been discharged by payment. Actual knowledge consists not only as to what one *certainly* knows, but it also consists in the information which he might obtain by investigating facts which he does know, and which impose upon him the duty to investigate (Russell v. Petrie, 10 B. Mon. 184; Everidge v. Martin, 164 Ky. 497), and in this case if Lewis was content to accept the statement of Stoner that he had discharged the mortgage by payment, without investigating the truth of that fact (since he was informed as to who the lien holder was), he acted at his peril and must be charged with such information as he could have obtained by making proper inquiry. This exact point was decided in this court in the case of Carroll v. Collins, 8 Ky. Opinions 444, and it accords with the general rule upon the subject.

We, therefore, conclude that the evidence is sufficient to charge defendant, Lewis, with actual knowledge of the existence of the mortgage, and for this reason also he is not entitled to priority as an innocent purchaser over plaintiff's claim. It results, therefore, that the court erred in dismissing the petition as to defendant Lewis and in declining to subject the piano to the payment of the judgment rendered against Stoner.

Wherefore, the motion for an appeal is sustained and the appeal is granted, and the judgment is reversed with directions for further proceedings in accordance with this opinion.