## Indiana Truck Corporation of Kentucky v. Hurry Up Broadway Company.

(Decided January 10, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Livery Stable Keepers.—Kentucky Stats., sections 2739h-1, 2739h-2, giving lien on automobile to persons selling, repairing, or furnishing accessories or supplies must be read and construed in the light of the law in force when it was passed.

2. Statutes.—Statutes relating to the same subject should be construed together, and, so far as they are still in force they should be construed so that effect may be given to all provisions of each, if that can be done by any reasonable construction.

3. Livery Stable Keepers.—Power to detain automobile under Ky. Stats., secs. 2739h-1, 2739h-2, which gives lien for furnishng accessories or supplies or repairing automobile, is only a power to detain as against person who delivered automobile and ordered the accessories or repairs, especially in view of provision in statute that persons asserting such lien shall file statement in same manner as mechanics and materialmen, since mechanics and materialmen under section 2463, 2488, have lien against property owner only by contract or consent, and statement filed by them must give owner's name.

4. Livery Stable Keepers.—Sale of automobile under Ky. Stats., sec. 2739h-2, providing that any motor vehicle remaining for more than 30 days in possession of person, who has made repairs or furnished accessories or supplies, may be sold to pay charges, is a sale only of the title of the person who delivered the automobile and ordered accessories or repairs and failed to pay the charges.

5. Liens.—As a general rule a statutory lien does not take precedence over a prior contractual lien unless the statute clearly shows that the statutory lien is intended to override the prior lien.

6. Mortgages.—Purchase-money chattel mortgage on automobile, properly recorded, held superior to subsequent statutory lien under Ky. Stats., secs. 2739h-1, 2739h-2, for work done and accessories furnished for the mortgagor, since statute merely gives lien without providing priority and must be read as consistent with section 496, providing that mortgage shall not be valid against creditors until recorded, and section 497, providing that all bona fide mortgages shall take effect in the order that the same shall be recorded.

GIFFORD & STENFELD for appellant.

NORTON L. GOLDSMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

The Indiana Truck Corporation of Kentucky is in the business of selling trucks, and on March 21, 1925, it sold a truck to P. M. Squires and took a mortgage to secure the unpaid purchase money. The mortgage was duly recorded on March 25, 1925. Squires took possession of the truck and used it in his business, and on February 24, 1926, delivered it to the Hurry Up Broadway Company, which furnished new tires and put them on the truck, its bill amounted to $311.20. As soon as the tires

were placed on the truck the Hurry Up Broadway Company delivered it to Squires, and he continued to use it in his business as before. On August 21, 1926, the Hurry Up Broadway Company asserted a lien on the truck by filing a statement in the county clerk's office as provided by the statute. Squires was unable to pay for the truck or to pay for the repairs. On September 1, 1926, the Hurry Up Broadway Company brought this action seeking to sell the truck for its debt. The Indiana Truck Corporation of Kentucky filed its answer and cross-petition, asserting a lien on the truck under its recorded mortgage for the balance due it, amounting to $3,250, as a prior lien on the property. The circuit court upon these facts gave judgment in favor of the Hurry Up Broadway Company, holding that its lien was superior to the lien of the prior recorded mortgage. The mortgagee appeals.

The case turns on the proper construction of the statute, which is in these words:

"All persons, individuals or corporations in conducting the business of selling, repairing, furnishing accessories or supplies for motor vehicles shall have a lien on such motor vehicle for the reasonable or agreed charges for repairs, work done, accessories or supplies furnished for or on machines, and for storing or keeping said machine, and such persons, individuals or corporations may detain all motor vehicles in their possession on which work has been done by them until the reasonable or agreed charges therefor have been paid.

"The lien provided for in this act shall not be lost by the removal of such motor vehicle from the garage, shop or premises of the person, individual or corporation performing labor, repairing, furnishing accessories or supplies therefor; provided, however, such person, individual or corporation shall assert such lien within six months by filing in the office of the county clerk of said county a statement showing the amount of materials furnished or labor performed on said car and the cost of same. Said statement to be filed in the same manner as the lien of mechanics and materialmen, after the removal of such vehicle, unless the owner thereof shall consent to an additional extension of time as provided for in this act, in which event the lien shall extend for such

a length of time as the parties may agree upon, reduced to writing and signed by the parties thereto.

"Any motor vehicle remaining in possession of a person, individual or corporation on which repairs have been made, labor performed, accessories or supplies furnished by such person, individual or corporation for more than thirty days may be sold to pay said charges, but the person, individual or corporation to whom the charges are payable shall first advertise said vehicle for sale six days before the sale is made, in some paper of general circulation in the town, city or county where the materials were furnished or labor performed on such motor vehicle." Ky. Stats., secs. 2739h1, 2739h2.

Sections 496 and 497, Kentucky Statutes, are as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record." Section 496.

"All bona fide deeds of trust or mortgage shall take effect in the order that the same shall be legally acknowledged or proved and lodged for record." Section 497.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance." Section 496.

Sections 2739h1 and 2739h2, Kentucky Statutes, are from an act passed in 1918; sections 496 and 497, above quoted, are from former acts, but the later act, so far as it is not inconsistent therewith, must be read in the light of the law then in force.

"It is a fundamental rule of statutory construction that not only should the intention of the lawmaker be deduced from a view of the whole statute and of its every material part, but statutes in pari materia should be construed together. This means that, for the purpose of learning and giving effect to

the legislative intention, all statutes relating to the same subject are to be compared, even though some of them have expired or been repealed, and, so far as still in force, so construed in reference to each other that effect may be given to all of the provisions of each, if that can be done by any fair and reasonable construction."    25 R. C. L. p. 1060, sec. 285.

Sections 496, 497, Ky. St., have been the law of the state since the act of 1820. Morehead and Brown's Statutes, p. 448. The previous acts were put in their present form in the Revised Statutes of 1851 (see chapter 24, sections 11, 12), and in the General Statutes adopted in 1873 (chapter 24, sections 10, 11). Thence they came into the Kentucky Statutes without change, until 1916, when the Legislature added to section 496 the last sentence therein. The policy of protecting bona fide mortgages duly recorded is therefore well settled. In giving mechanics and materialmen a lien (Ky. Stats., sec. 2463), the prior recorded mortgage is not affected. The same rule is observed as to materialmen furnishing supplies to a railroad. Section 2488, Ky. Stats. It is also applied in giving a livery stable or an agister's lien (section 2500), and in the case of a landlord's lien (section 2316). It being thus the settled legislative policy to protect the lien of duly recorded mortgages, the act of 1918 cannot be read as inconsistent with the former acts, unless such an intention is in fact expressed. The act expressly provides that the person repairing or furnishing accessories for motor vehicles shall have a lien thereon for the reasonable or agreed charges therefor. It does not provide that this lien shall supersede existing liens, but it does provide that such persons may detain the motor vehicles in their possession until the charges have been paid. The statute gives the persons making repairs the right to "detain all motor vehicles in their possession on which work has been done by them." Ky. Stats., section 2739h1. But from whom is this detention? Evidently from the person from whom it is received. The power to *detain* the car cannot naturally mean more, and that this is what is meant is shown by the next paragraph providing that a statement may be filed by them in the same manner as mechanics and materialmen. But mechanics and materialmen have a lien against the owner of the property only by contract with the owner or by his consent (see section 2463, Ky. Stats.), and the statement filed by them

must give "the name of the owner" (see section 2468, Ky. Stats.). The act also provides for a sale of the car after 30 days, on 6 days' public notice in a newspaper published in the town or county where the work was done. This evidently was meant to be a sale of the title of the man who had delivered the car and had failed to pay the charges for 30 days; for he alone might know of the charges. No notice to any one else is provided. It was not intended that a trespasser or a thief or any one without title could take a car where he pleased and thus deprive the owner of his property without notice to him or any way to protect his rights. Such a legislative intention cannot be presumed unless clearly expressed in the words used.

As to the lien created by the statute, the rule is this:

"As to both legal and equitable liens, it is a well-settled rule, in the absence of statutory regulation to the contrary, that a lien which is prior in time gives a prior claim and is entitled to satisfaction, out of the subject-matter it binds, before other subsequent liens binding the same property." 37 C. J. 328, sec. 40; 17 R. C. L. 610, sec. 19.

"The priorities of statutory liens are generally regulated by the statutes creating them. But, although it is within the power of the Legislature to give a statutory lien priority over other liens, as a general rule a statutory lien does not take precedence over a prior contractual lien, unless the statute clearly shows or declares an intention to cause the statutory lien to override the prior lien." 37 C. J. 329, sec. 41.

The statute merely giving a lien and not providing for priority, it must be read as consistent with the prior law; there being nothing in it inconsistent with the old and well-established rule that a prior lien duly recorded gives a prior claim. The statute, therefore, under the rule for the construction of statutes above quoted, cannot be construed as inconsistent with sections 496, 497. The conclusion we have reached is supported by the following authorities: Denison v. Shuler, 47 Mich. 598, 11 N. W. 402, 41 Am. Rep. 734; Beecher v. Thompson, 120 Wash. 520, 207 P. 1056, 29 A. L. R. 699; Graben & Co. v. Brown, etc., 197 Iowa, 453, 195 N. W. 752, 31 A. L. R. 832; Ehrlich v. Chapple, 311 Ill. 467, 143 N. E. 61, 32 A.

L. R. 989; Metropolitan, etc., Co. v. Orlow, 107 Ohio, 583, 140 N. E. 306; 32 A. L. R. 992; notes 32 A. L. R. 1005-1011; Hawkes v. First Nat. Bank, 75 Colo. 47, 224 P. 224; State v. Strong, 52 N. D. 197, 201 N. W. 858. There are cases holding to the contrary, but as a rule they rest on the wording of the statute before the court.

The manufacture and sale of motor vehicles has become one of our largest industries. The ordinary mode of selling is to take part payment in cash and a mortgage upon the car for the remainder of the price. The notes secured by the mortgage are discounted at financial institutions. The banks and automobile industries depend upon the chattel mortgage as a security in the sale. The purpose of the mortgage is to furnish security while the mortgaged property is in the hands of the mortgagor. It is the basis of such a contract that the mortgagor can do nothing to impair the security of the recorded mortgage. The mortgage being on file, the repair man was affected with notice. To hold otherwise would be to practically destroy the business of selling automobiles upon mortgages for the unpaid purchase money. The purpose of our recording statutes is the protection of duly recorded titles or liens and thus to encourage the investment of capital in them. This has been the settled policy of the state from the beginning. General words in the act in question cannot be held to upset this, where there is nothing in the act expressing such an intention on the part of the Legislature.

Judgment reversed, and cause remanded for a judgment as above indicated.

Whole court sitting.

Judge Dietzman dissenting.