# Perkins v. National Bond & Investment Company.

## Same v. Allen, Judge.

(Decided March 20, 1928.)

### Appeals from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Chattel Mortgages.—Chattel mortgage, duly executed, acknowledged and recorded in proper office at residence of parties and situs of property, is constructive notice of lien not only in state of its recordation, but also in any state in which property may be carried.

2. Chattel Mortgages.—In action by assignee of chattel mortgage to enforce lien on automobile which had been taken into another state and sold to innocent purchaser, evidence held to show that plaintiff did not consent to nor acquiesce in removal of car so as to be estopped to assert lien.

3. Prohibition.—Where defendant, without appealing from order appointing receiver, brought original action for prohibition to restrain judge from entering such order, Court of Appeals will only inquire as to jurisdiction of circuit court to entertain motion for appointment of receiver, under Civil Code of Practice. sec. 298.

4. Appeal and Error.—In suit by assignee of chattel mortgage to assert lien on automobile, circuit court held to have jurisdiction, under Civil Code of Practice, sec. 298, to place property in hands of receiver pending appeal from judgment for platintiff. after execution of supersedeas and perfection of appeal; motion to appoint receiver being collateral matter.

5. Appeal and Error.—Execution of supersedeas and perfection of appeal suspend functions of lower court as to all matters concluded' by judgment but not as to collateral matters, such as protection of property which is subject of litigation.

RICHARD B. CRAWFORD for appellant.

GIFFORD & STEINFELD and MORRIS B. GIFFORD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

These two suits are (1) an appeal from the judgment of the Jefferson circuit court, chancery division, subjecting an automobile to a mortgage lien, and (2) a petition for a writ of prohibition against the judge of that court prohibiting him from entering an order after the execution of supersedeas and the perfection of the appeal in the former judgment, in which the automobile in question

was placed in the hands of a receiver pending the appeal. For convenience, the actions are heard together and considered in the same opinion.

1. Considering the appeal, it appears that Charles Girard, on September 8, 1926, purchased an automobile in Cincinnati from one Hood and on that date executed to him a purchase-money note for $963.24 payable in monthly installments secured by a mortgage on the machine. The mortgage was duly executed, acknowledged, and recorded on the following day, and it and the note were assigned to the National Bond & Investment Company before maturity. At that time both Girard and Hood were residents of Cincinnati. Girard made two payments on the note and·in October, 1926, drove the machine to Louisville, remaining in that city about a month. On November 4, 1926, Girard sold the machine to the appellant, Miss Perkins, for a cash consideration of $950, representing to her that it was unincumbered, and it is admitted that she had no notice to the contrary. In January following the assignee of the noted filed a petition in the Jefferson circuit court seeking to enforce its lien on the machine and procured the issuance, of an order of attachment which was levied thereon. Miss Perkins was summoned in the action, and Girard was proceeded against by warning order. Miss Perkins was in possession of the machine at the time and executed a forthcoming bond in accordance with section 214 of the Civil Code and retained it. Proper pleadings followed, Miss Perkins' defense being: (1) That she was a bona fide purchaser for a valuable consideration without notice. (2) That plaintiff had consented to or acquiesced in the removal of the machine to Kentucky, and with such knowledge had failed to have the mortgage recorded in the Jefferson county clerk's office, and is therefore estopped from asserting its lien as against her; the proof offered on this question being embodied in five letters passing between plaintiff and Girard. It appears that Girard paid the first two installment notes and defaulted on the third, and that plaintiff addressed a statement to him at his Cincinnati address. He responded in a letter from Louisville dated October 16th, and postmarked at Louisville, saying that Hood, the seller, had advised him to make payment at the Hamilton National Bank in Cincinnati, and that that bank had returned his check with

notice to make payments at the First National Bank at Hamilton, and concluded by saying that he would send a check for the previous month and a month ahead, giving his address at 1022 S. Second Street, Louisville. Plaintiff answered on October 18th, insisting on immediate payment, and informing him that he was not permitted to take the car out of Ohio without its permission; that the account was being carried under his Cincinnati address, and that if he was living in Louisville it would be necessary to arrange the account in this way and asking immediate information on this point. At the same time plaintiff notified its main office in Chicago of Girard's action, and on October 27th, the latter office wrote Girard inclosing a chattel mortgage which it requested him to execute if he was going to remain permanently in Louisville, telling him it was against the law of Ohio to remove a mortgaged car from the state, and saying:

> "If you do not execute the mortgage, kindly return same to us, advising us of the length of stay at your present address."

This letter was addressed to 1002 S. Second street, instead of 1022 S. Second street, and not being delivered was returned to the writer on November 4th, the day Girard sold the machine to Miss Perkins. On November 8th the Chicago office addressed a letter to Girard at his Cincinnati address advising that the letter to his Louisville address had been returned unclaimed, and asking him to give them by return mail his correct address "so that we can take steps in granting you permission to remove your car from Ohio to Louisville." This letter was forwarded to Girard at Louisville, and he answered it on November 10th giving two Louisville addresses, one for his place of residence, and one for his office, adding "please communicate with me at once upon receipt of correct address." Neither of the parties ever heard from him afterward.

It is conceded that a valid chattel mortgage, duly executed, acknowledged, and recorded in the proper office at the residence of the parties and the situs of the property, is constructive notice of the lien not only in the state of its recordation, but also in any state to which the property may be carried. Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924; Fry Bros. v. Theobold, 205

Ky. 146, 265 S. W. 498; Herold Motor Co. v. Com., 216 Ky. 335, 287 S. W. 939. But it is insisted that, notwithstanding such recordation, if the property is removed and permanently located in another state with the consent of the mortgagee or with its knowledge and acquiescence and there sold to an innocent purchaser, the mortgagee will be estopped to assert his lien against a bona fide purchaser unless it is also recorded in the latter state. There is some support for this position in the Lewis and Herold cases, supra, and others that might be cited, but we need not now decide it; for if we assume such to be the law, nevertheless it cannot be said under this record that the plaintiff either consented to the removal of the car to Kentucky or acquiesced therein. The correspondence clearly indicates that the plaintiff was alert and diligent to ascertain whether such removal had been made and was seeking to acquire a second mortgage upon it with the evident intent of having it recorded in Kentucky, and there is nothing in the correspondence to indicate that it intended to otherwise acquiesce in the machine being retained here and the chancellor properly held that no estoppel existed; and the judgment enforcing the mortgage lien on the machine is affirmed.

2. In the second case, it appears that before submission in the circuit court the plaintiff filed proper affidavit and moved the court to appoint a receiver to take possession of the car on the ground that its constant use by defendant was decreasing its value and materially impairing plaintiff's lien. At the time the judgment for the sale of the machine was rendered the court did not pass on this question, but specifically reserved it for future adjudication, and the case was retained on the docket for that purpose. Some months subsequent to the execution of the supersedeas and the perfection of the appeal in this court plaintiff filed an additional affidavit to the effect that nothing had been paid on the mortgage debt; that the machine was being used by Miss Perkins; that its value was being materially impaired and probably would be insufficient to pay its debt if its use should be continued until final judgment in the appellate court, and renewed its motion for appointment of a receiver to take charge of the car. This motion was sustained by the court. Miss Perkins did not appeal from that order, as is provided by section 298 of the Civil Code. But in an

original action is asking that the judge of the circuit court be restrained from entering that order; hence on this petition we need only inquire as to the jurisdiction of the circuit court to entertain the motion. Section 298 provides:

> "On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him."

Our attention has not been called to any case in this state construing this statute in which this question has been raised, but it has frequently arisen in other jurisdictions.

In Mitchell v. Rowland, 95 Iowa 314, 63 N. W. 606, an appeal was taken from an order appointing a receiver after appeal and supersedeas of the judgment, the other facts being similar to those in this case, and the Iowa statute being practically identical with our own. The court said:

> "It is to be conceded that after a cause has been tried and decided by the trial court, and an appeal duly taken, the court has no power to hear the parties further upon any question which has been decided. Its jurisidiction is closed as to all the questions at issue. But the general jurisdiction of the court to protect and preserve the property which is the subject of the litigation is a collateral question, in no way involving the issues presented to this court on appeal; and it will be observed that the statute above cited does not provide when the application for a receiver may be made, except that it be on the petition of either party to an action; and the appointment authorizes the receiver to control the property during the pendency of the action. This would include the pendency of an appeal in this court. We discover no statutory obstacle in the way of the appointment of a receiver upon a proper appli-

cation at any time during the pendency of the action and before it is finally decided in this court; and, in the absence of statutory prohibition, we think it ought to be held that the trial court may at any time, in a proper case, make this provision for the preservation of the property which is the subject of the action.''

The same conclusion was reached after elaborate discussion in the Brinkman et al. v. Ritzinger, Adm'x, 82 Ind. 358, Beard v. Arbuckle, 19 W. Va. 145, and Hutton v. Lockridge, 27 W. Va. 428. To the same effect see Penn. Mutual Life Ins. Co. v. Semple, 38 N. J. Eq. 314.

The execution of supersedeas and perfection of appeal suspend the functions of the lower court as to all matters concluded by the judgment. But it will be observed that here the forthcoming bond was not to perform the judgment of the court, but only a guaranty of the delivery of the property under the orders of the court; that no personal judgment was rendered, but only a judgment in rem. subjecting the car to the lien; that the motion for a receiver was specifically reserved in the judgment; that the appeal was taken only from the judgment subjecting the property to the lien; and that this judgment was all that was covered by the supersedeas—hence it is clear that the motion to appoint a receiver was a collateral matter, not concluded by the judgment, and within the jurisdiction of the circuit court.

Hertel v. Edwards, 201 Ky. 456, 257 S. W. 36, relied on by petitioner, is not analogous. In that case final judgment was rendered for divorce and alimony. The judgment was superseded, and an appeal was perfected in this court bringing the entire matter before it. A motion was then made in the lower court for an allowance pendente lite, and it was held that this court alone had jurisdiction to entertain such motion at that stage of the proceeding, something very different from this proceeding.

Wherefore the writ is denied and petition dismissed.