## Mayfield Planing Mills, Inc., v. Jackson Purchase Stock Yards Co., Inc., et al.

(Decided March 24, 1933.)

T. J. MURPHY for appellant.

HOLIFIELD, GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Mayfield Planing Mills, Inc., sold and delivered to the Jackson Purchase Stock Yards Company, Inc., in the month of February, 1931, material with which to build and repair certain buildings in the city of Mayfield, Ky., on land owned by the X. B. Wickersham Company, and leased by it to the Jackson Purchase Stock Yards Company, Inc.

The Jackson Purchase Stock Yards Company, Inc., agreed to pay to the X. B. Wickersham Company a rental of $240 per year, payable in equal monthly in-

stallments of $20, on the last day of each month. It agreed to pay the rental promptly and upon failure to pay it for ninety days after it became due, the lessor might terminate the lease and re-enter and repossess the premises.

Failing to pay for the material furnished by the Mayfield Planing Mills, Inc., within six months after furnishing it, the Mayfield Planing Mills, Inc., filed a statement in the office of the county court clerk of the county, in which the property was described and a mechanics' lien (section 2468, Ky. Statutes) asserted. Within one year thereafter, it filed this action in the Graves circuit court against the Jackson Purchase Stock Yards Company, Inc., and others, to collect its debt, and enforce the mechanics' lien to secure it. The X. B. Wickersham Company was not made a party defendant. It filed an intervening petition wherein it set out the terms of its lease with the Jackson Purchase Stock Yards Company, Inc., including the forfeiture clause therein, alleging that $80 rent was past due, and that it was entitled to collect rent per the terms of the lease, or until the possession of the leased premises was delivered to it. It also sought a forfeiture of the lease. At the time of the rendition of the judgment, rent amounting to $220 had matured, for which judgment was rendered. The debt of the Mayfield Planing Mills, Inc., amounting to $1,043.41, was not disputed.

The lease executed and delivered by the Jackson Purchase Stock Yards Company, Inc., to the X. B. Wickersham Company was admitted. The issue as to the respective rights of the Mayfield Planing Mills, Inc., and the X. B. Wickersham Company, was presented by appropriate pleadings. The latter asserted a right to the forfeiture of the lease by reason of its express provisions. The former asserted that it had no knowledge of the forfeiture clause of the lease until the filing of the intervening petition, and that on receiving this information it tendered to the X. B. Wickersham Company all rent due up to the date of the tender, which it had refused to accept. The statement filed by the Mayfield Planing Mills, Inc., in compliance with section 2468, Ky. Statutes, by virtue of which it asserted its lien on the property, disclosed that the buildings against which it asserted the lien were on the estate of the Wickersham Brick Company. This

fact indicates knowledge on its part of the fact that the buildings in the erection of which the materials furnished had been used, were on the land of another. It was its duty to ascertain the conditions, terms, and provisions of the lease under which the Jackson Purchase Stock Yards Company, Inc., was occupying the land. It became its duty as a creditor of the stock yards company to follow up its knowledge and thereby ascertain the provisions of the lease which might affect or prevent its enforcement of its mechanics' lien. Martin & Co. v. Maggard & Son, 206 Ky. 558, 267 S. W. 1102; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924. This principle, under the facts appearing in the record, deprives the Mayfield Planing Mills, Inc., of the privilege of denying the want of knowledge of the forfeiture clause of the lease. The rights of the planing mills company and the Wickersham Company are controlled by section 2466, Ky. Statutes. It reads:

"If the labor be performed or the materials furnished by contract with the lessee of real estate for a term of years, and if, before the expiration of the term by lapse of time, the lessee's interest therein shall, from any cause, become forfeited to the lessor, or shall be surrendered to him, and if the lessor shall refuse to pay for the same, the person performing the work or furnishing the materials shall have the right to remove the same from the leased premises, if it can be done without material injury to any previous improvement on said leased premises."

The court on the undisputed facts would have been justified in applying this section of the statute when determining their respective rights. Instead of literally applying it, the court adjudged to the X. B. Wickersham Company a superior lien on the improvements erected by the Jackson Purchase Stock Yards Company, Inc., and to the Mayfield Planing Mills, Inc., a lien subject to the lien of the X. B. Wickersham Company, with directions that the property be sold, with the privilege to the purchaser to remove the property within thirty days after the date of the sale, and on that date the rent payable under the lease to cease. In fact the judgment of the court denied the X. B. Wickersham Company the benefit of the forfeiture clause of the lease and applied the general principles of equity

.n the determination of the rights of the parties, which in no way prejudiced the substantial rights of the planing mill company. The result was equivalent to annulling the forfeiture clause of the lease in so far as it affected the claim of the Mayfield Planing Mills, Inc., and applying the provisions of section 2464, Ky. Statutes, as to liens of both the X. B. Wickersham Company and the Mayfield Planing Mills, Inc. By the furnishing of the material and the assertion of the mechanics' lien on the buildings with which they were erected, the planing mill company acquired a lien only upon such property as the Jackson Purchase Stock Yards Company, Inc., owned on the land on which they were erected. Section 2463 expressly declares that a mechanics' lien on the land or improvements "shall be superior to any mortgage or encumbrance created subsequent to the beginning of the labor or the furnishing of the material, and if asserted it shall date back and commence at the time of the commencement of the labor or the furnishing of the material." Its lien was not superior to the landlord's lien of the X. B. Wickersham Company. The X. B. Wickersham Company by virtue of section 2316, Ky. Statutes, had a lien superior to that existing by the provisions of section 2463, on the improvements made on the leased land, after the possession was taken under the lease, to secure the payment of one year's rent due or to become due, or which had been due for more than twelve months. Continental Fuel Co. v. Haden et al., 182 Ky. 8, 206 S. W. 8. The planing mill company complains because when it tendered the rent due per the terms of the lease, the payment was refused by the lessor. No principle of equity entitled it to exercise the privilege of paying the rent that was due, and thereby become entitled to the benefits of the lease as against the lessor. It only had a mechanics' lien on the improvements, inferior to the lien of the lessor existing under the statute to secure the landlord in the payment of the rent due per the terms of the lease.

The judgment of the chancellor is in harmony with our views, therefore it is affirmed.