## American Loan Co. v. See.

September 26, 1944.

R. J. Wade for appellant.

H. K. Northcutt for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

Bill Emily, a resident of Ohio, mortgaged an automobile to the appellant. The mortgage was duly recorded in Ohio. Subsequently, the automobile was involved in a wreck in Carroll County, Kentucky, and, at the request of the owner, was repaired by the appellee at his garage in Carroll County. The appellant instituted this action against the owner and the appellee to enforce its mortgage. The appellee set up his statutory lien for repairs and contended that it was prior to the lien of the appellant's mortgage. The trial court so adjudged and this appeal follows.

It is well settled that a valid chattel mortgage duly recorded in another state is constructive notice of the lien in this state, where it does not appear that the mortgagee consented to the removal of the chattel to

this state. Cable Piano Company v. Lewis, 195 Ky. 666, 243 S.W. 924; Perkins v. National Bond & Investment Co., 224 Ky. 65, 5 S.W. 2d 475. Whether the consent of the mortgagee to the removal of the chattel to this state would effect this rule appears to be a question not definitely decided, as is pointed out in the last cited case. But in the case before us it does not appear that the mortgagee consented to the removal of the car to this state or acquiesced therein. Consequently, the appellant's mortgage stands on the same footing as if it had been duly recorded in this state.

We have also held that the lien of a duly recorded mortgage on an automobile is superior to a subsequent statutory lien for repairs funished at the instance of the mortgagor. Indiana Truck Corp. of Ky. v. Hurry Up Broadway Co., 222 Ky. 521, 1 S.W. 2d 990. It is urged in behalf of the appellee, however, that the conclusion reached in that case is unsound and that it should be overruled. The argument is that the labor and materials used for the repair of the automobile constituted after acquired property of the mortgagor, not definitely described in the mortgage and not contemplated by the parties as covered by the mortgage, and that after acquired property is not covered by a mortgage unless it so provided. But we do not regard such repairs as being after acquired property within the meaning of the rule advocated. The labor and materials involved in the repairs became a part of the car and do not constitute independent items of after acquired property.

Strong reliance is placed by the appellee on the English case of Williams v. Allsup, 10 C.B.N.S. 417, in which it was held that a lien for repairs to an unseaworthy ship, made at the instance of the mortgagor, was prior to the lien of a recorded mortgage. The reasoning of the court in that case was that it was to the interest of the mortgagee that the mortgagor should have power to confer a right of lien for repairs to keep the ship seaworthy and the mortgagee, by allowing the mortgagor to continue in apparent ownership of the vessel, created the implication that the mortgagor might do all that might be necessary to keep her in an efficient state. We have given due consideration to the reasoning advanced in that case, but we are convinced of the soundness of our rule to the contrary in the case of automobiles or ordinary chattels. The mortgage

contract should not lightly be disregarded and the mortgagor's rights ignored. Such a rule as that adopted in the English case would, in the ordinary case, leave a mortgagee more or less at the mercy of the mortgagor and the repair man. The rule enunciated in the English case may have been due to the peculiarities of admiralty law and we are cited to no case making such a rule one of general application. In any event, our rule is based on a construction of our statutes and we believe that construction to be sound.

The judgment is reversed with directions to enter a judgment giving priority to the appellant's mortgage lien.