### LINCOLN BANK & TRUST CO.
### v. NETTER et al.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Kenneth A. Howe, Pikeville, Mapother & Morgan, Louisville, for appellant.

Thurman L. Hibbitts, Pikeville, for appellees.

MILLIKEN, Justice.

This case involves priority of liens as between a chattel mortgagee seller under a conditional sales contract and a garageman for repairs and accessories placed upon a motor vehicle. The trial court adjudged that the garageman could remove the motor block assembly, generator, carburetor and radiator, after which the chattel mortgagee had the prior lien.

The facts are stipulated. On January 9, 1950, Alvin L. Netter purchased a 1947 Ford truck from a dealer in Jefferson County under a conditional sales contract which provided that the purchaser would not remove the vehicle from the county without the consent of the seller. Subsequently this contract was sold by the dealer to the Lincoln Bank & Trust Company (hereinafter referred to as the bank) and was properly recorded in the county clerk's office in Jefferson County. Netter paid $200 on this contract, but failed to pay the balance of $662. Some time during the following April, Netter took the truck to Hall's garage in Pikeville and caused Hall to make repairs to the extent of $384. Netter failed to pay either Hall or the bank. At the completion of the repairs, the truck was worth $650. Hall refused to surrender possession of the truck or to pay the bank, whereupon the latter instituted this suit against Netter and Hall for possession of the truck or for its value, $650. Netter made no defense, but Hall executed a retention bond thereby retaining possession of the vehicle, and filed an answer and counterclaim in which he set up his claim for repairs and accessories under KRS 376.270.

In this jurisdiction it is well settled that a chattel mortgage properly recorded in the clerk's office of the county of the residence of the owner is constructive notice of the instrument in all the other counties of this state to which the property may be taken. Hauseman Motor Co. v. Napierella, 223 Ky. 433, 3 S.W.2d 1084; Herold Motorcar Co. v. Commonwealth, 216 Ky. 335, 287 S.W. 939. It is also well settled that a duly recorded chattel mortgage on a motor vehicle is superior to subsequent statutory lien for labor and accessories. Indiana Truck Corp. of Kentucky v. Hurry Up Broadway Co., 222 Ky. 521, 1 S.W.2d 990; American Loan Co. v. See, 298 Ky. 180, 182 S.W.2d 644; C. I. T. Corp. v. Studebaker Sales of Kentucky, 251 Ky. 349, 65 S.W.2d 84, 85.

The removal of the accessories from the vehicle in this case would destroy the machine's usefulness. These accessories were united to the machine so as to become, under the doctrine of accession, an integral part thereof. Bozeman Mortuary Association v. Fairchild, 253 Ky. 74, 68 S.W.2d 756, 92 A.L.R. 419; Black Motor Co. v. Foure, 266 Ky. 431, 99 S.W.2d 177; American Loan Co. v. See, 298 Ky. 180, 182 S.W.2d 644; Riggs Motor Co. v. Archer, Ky., 240 S.W.2d 75.

The judgment of the trial court is reversed, with directions that a judgment be entered in favor of the bank for the truck or its value, as provided by Section 388, Civil Code of Practice.