**UNITED STATES of America,
Plaintiff,**

v.

**COVINGTON INDEPENDENT TOBAC-CO WAREHOUSE CO., Inc., a Corporation, Erlanger, Kentucky, Defendant.**

**No. 755.**

United States District Court
E. D. Kentucky,
Covington Division.

June 7, 1957.

Henry J. Cook, U. S. Atty., Lexington, Ky., for plaintiff.

James C. Ware, Covington, Ky., for defendant.

SWINFORD, District Judge.

This case is before the court on motions for summary judgment filed by each of the parties.

On October 10, 1952, George R. Richardson and Mae Richardson, his wife, of R #2, Laurel, Franklin County, Indiana, borrowed from the plaintiff the sum of $2,600. The loan was made through the facilities of the Farmers Home Administration of Franklin County, Indiana. Simultaneously, the borrowers executed a note to the plaintiff which provided that annual payments of principal and interest, beginning October 10, 1953, should be made to and including October 10, 1957, the date the loan would be liquidated. The loan was made under the provisions of the Bankhead-Jones Farm Tenant Act, as amended, 7 U.S.C.A. § 1007 et seq., and the regulations of the Farmers Home Administration.

It is alleged that pursuant to the provisions of the note the entire indebtedness has been declared by the plaintiff to be due and payable and there is now owing to the plaintiff the sum of $1,881.-11 plus accrued interest as of July 6, 1956, in the sum of $70.94, with interest accruing thereafter at the daily rate of $.2577.

To secure the payment of the note the Richardsons executed a crop and chattel

mortgage to the plaintiff on February 25, 1955. The mortgage was filed for record in Franklin County, Indiana, on the day of its execution. The mortgage embraced numerous chattels and all future crops to be planted by the mortgagors on the premises described in the mortgage until the indebtedness was paid in full.

In the year 1955 the mortgagors produced a crop of tobacco, which under the terms of the recorded mortgage, would be subject to a mortgage lien in favor of the plaintiff. On or about December 19, 1955, the mortgagors delivered 1,316 pounds of this tobacco to the Covington Independent Tobacco Warehouse Co., Inc., of Erlanger, Kentucky, in this district. The records of the warehouse disclose that the tobacco was given warehouse bill No. 1445 and was sold on December 19, 1955, for the gross amount of $480.12. No accounting for that sum was made to the plaintiff by the mortgagors or anyone on their behalf.

The plaintiff, United States of America, mortgagee, brought this action against the warehouse company for conversion of mortgaged property and seeks to recover the amount paid for the tobacco sold.

■ The defense is based on the single proposition that the warehouseman acting only as a commission merchant or broker is not liable for the sale of property through its facilities where it had no actual notice that there was a valid recorded lien on the crop. In support of its position it cites the case of Abernathy & Long v. Wheeler, Mills & Co., 92 Ky. 320, 17 S.W. 858. This case would appear to be directly in point. It is singular in that it is apparently the only one of its kind. It lays down the rule that a public warehouseman to whom goods are consigned for sale and who in ignorance of any claim adverse to that of his principal, the apparent owner, sells the goods and pays over the proceeds to his principal, who, it is afterward discovered, was not the owner or authorized to sell them, is not liable to the real owner or to a mortgagee for the proceeds of the sale. Since this case must be determined by applying Kentucky law the Abernathy case is strong authority in support of the defendant's position.

I am of the opinion, however, that this rule should not be applied to the case at bar and that the plaintiff's motion for a summary judgment should be sustained. My reasons are based on the following conclusions.

■ It is a generally accepted rule of law by all courts that the delivery of bailed property by the bailee to a third person constitutes a conversion where such delivery was without the bailor's express or implied consent. One who accepts the property with actual or constructive notice of the ownership is a party to the wrong and therefore liable to the bailor. The analogy holds true where the owner of the property has given a lien on it and by recordation of the lien notice in law is charged to those who receive the lien-impressed property. The third person thereby becomes a party to the conversion and as such is accountable to the lienholder.

■ A chattel mortgage, properly executed and recorded according to the law of the state where the mortgage is taken on property located there, is valid against a third party in another state to which the mortgaged property is removed by the mortgagor. American Loan Co. v. See, 298 Ky. 180, 182 S.W. 2d 644; Perkins v. National Bond & Investment Co., 224 Ky. 65, 5 S.W.2d 475.

■ It is generally accepted as the law that a factor or commission merchant who receives property from his principal, sells it under the principal's instructions and pays to him the proceeds of the sale, is guilty of a conversion if the principal had no right to sell the property and he cannot escape liability to the true owner by claiming that he acted in ignorance of the principal's lack of clear title. 22 Am.Jur. "Factors", Sec. 48, p. 333.

Abernathy & Long v. Wheeler, Mills & Co., supra, was decided 66 years ago in 1891. I do not know what the custom of warehousemen in dealing with tobacco was at that time. I do know that means of communication, travel, and opportunity for a mortgagee to protect his lien were much different than they are under the rapidly moving economy of our present day. At that time movements were slow and communications were difficult. There was little opportunity for a mortgagor to move his property from one state to another without disclosing the fact and thereby giving the mortgagee an opportunity to take steps to protect himself. Today, within hours, whole crops of tobacco can be transported, delivered and sold at a market entirely out of the state and away from the community in which it was prepared for sale. It is equally true that within a matter of minutes and at nominal cost, through telephone communication, warehousemen can ascertain facts that were in times past almost impossible to learn.

■ Methods of selling tobacco by warehousemen, of which the court may take judicial cognizance, are by the warehousemen receiving the tobacco from the seller and thereby becoming immmediately responsible to him for the weight given, its protection from loss and for an accounting of the proceeds from its sale or disposition. The check made to the seller is not from the account of the tobacco company which purchased the product. It is from the account of the warehouseman who in turn is paid by the purchaser.

Under present methods of communication and distribution chattel mortgages validly recorded would be worthless unless they are held to be valid against factors, bailees, commission merchants, brokers and warehousemen.

Abernathy & Long v. Wheeler, Mills & Co., supra, was in reality the construction and application of a state statute, Kentucky General Statutes, 1887, Ch. 24, Section 10, which provided:

"No deed of trust or mortgage, conveying a legal or equitable title to real or personal estate, shall be valid against a *purchaser* for a valuable consideration, without notice thereof, or against *creditors*, until such deed shall be acknowledged or proved according to law, and lodged for record." (Emphasis supplied.)

The statute was very likely adequate for the time in which it was enacted, 1887, and a reasonable time thereafter, but it needed an addition to conform to modern times.

■ It is my judgment that the mortgage should be adjudged and the rights of the parties with reference to it should be determined by the statute that was in effect at the time it was executed and which is at present the Kentucky law. KRS 382.630 provides:

"382.630(523b-3) Priority of mortgage lien. The lien of any chattel mortgage which has been lawfully executed and filed for record shall be entitled to priority in all respects over any unrecorded conditional sales contract or any mortgage, lien or encumbrance which has not been filed with the proper recording officer, and shall be valid and effective in all respects against the mortgagor, existing or subsequent creditors of the mortgagor, subsequent purchasers, and any and all third persons."

By comparing these two statutes it is seen that the Kentucky legislature has broadened the scope of those protected. The statute of 1887 applied only to "purchaser" and "creditors". The present statute applies to creditors and purchasers and "any and all third persons."

■■ While this court is bound by the decisions of the Kentucky Court of Appeals on questions of substantive and statutory law, it is also bound to follow the voice of the legislature. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Where the legislature has spoken since the decision of the court in what is apparently an effort to legislate in the

light of the court's decision, and for the purpose of changing the law, the legislative enactment should be given precedence.

 The plaintiff should have judgment for the amount claimed in the prayer of the complaint.

The United States Attorney is requested to submit findings of fact, conclusions of law, and judgment in conformity with this opinion.