**CORBIN DEPOSIT BANK, Appellant,**

**v.**

**Thomas L. KING et al., d/b/a King Brothers Garage, Appellees.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

Sutton & Martin, Corbin, for appellant.

Cole & Cole, Barbourville, for appellees.

DAVIS, Commissioner.

The question presented on this appeal is one of priorities as between a properly filed security agreement and a subsequent lien arising under KRS 376.270. The appellant, holder of the security instrument, appeals

from the judgment placing priority in the statutory repairman's lien.

The parties stipulated the facts, which are thus summarized: Floyd Foreman, owner of a motor vehicle, executed and delivered a valid security agreement to appellant bank; on August 7, 1961, the security interest was perfected by proper filing of the agreement as a financing statement in the County Court Clerk's office of Whitley County. KRS 355.9–302.

While his obligation to appellant was in full force and unpaid, Foreman engaged appellees to make repairs and furnish materials for repairing the vehicle. Appellees were then engaged in the business of selling, repairing or furnishing accessories or supplies for motor vehicles as set out in KRS 376.270. Foreman did not pay for the repairs and incident materials furnished by appellees.

◼ It is stipulated that appellees did not know of the recorded financing statement, although we ascribe no significance to that fact, since its proper filing placed appellees on constructive notice thereof. KRS 355.9–303.

Appellant obtained possession of the motor vehicle by legal process in the instant action; it was removed from the possession of the appellees by the sheriff, acting under proper court order. The motor vehicle was sold by appellant pursuant to the provisions of KRS 355.9–504. The narrow question is whether the first rights to the proceeds inure to the appellant under its perfected security interest or to the appellees under its subsequently acquired statutory lien for services and materials furnished to repair Foreman's vehicle.

Determination of the question requires examination of KRS 355.9–310, which is as follows:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."

In the 1958 text of the Uniform Commercial Code as published by National Conference of Commissioners on Uniform State Laws, American Law Institute, one of the purposes of the just quoted section is said to be:

"(1): To provide that liens securing claims arising from work intended to enhance or preserve the value of the collateral take priority over an earlier security interest even though perfected."

◼ It is recognized by the parties that prior to the effective date of Kentucky's Uniform Commercial Code (KRS Ch. 355, effective July 1, 1960) in similar circumstances, this court had adhered to the rule allowing priority to a properly recorded chattel mortgage. See Lincoln Bank & Trust Co. v. Netter, Ky., 253 S.W.2d 260; 4 Ky.Digest, Chattel Mortgages, ⬅138(1). The inquiry here is whether the pertinent sections of the Uniform Commercial Code require an opposite result. The trial court found that the provisions of the Commercial Code demand the opposite result, and we agree.

The course for construction of the Uniform Commercial Code was charted in Lincoln Bank & Trust Co. v. Queenan, Ky., 344 S.W.2d 383, in which this court said:

"The Code represents an entirely new approach in several areas of commercial law, and especially as to security transactions. Its adoption in this state signifies a legislative policy to join with other states in achieving uniformity. Code § 1–102(2) (c). The realization of this purpose demands that so far as possible the meaning of the law be gathered from the instrument itself, unfettered by anachronisms indigenous to

the respective jurisdictions in which it is in force. Cf. 50 Am.Jur. 480 (Statutes, § 465). Accepting that principle, we adopt as a rule of construction that the Code is plenary and exclusive except where the legislature has clearly indicated otherwise."

It is patent that KRS 376.270 contains no provision which may be said to subordinate its statutory lien to an earlier security interest as prescribed in KRS 355.9–310. Therefore, by the terms of the latter section, the lien of the security interest yields to the statutory mechanic's lien of KRS 376.270, despite the line of cases which had afforded priority to chattel mortgages in similar circumstances.

■ For the appellant it is urged that the provisions of KRS 376.440, 376.445 and 376.450 reflect that the statutory lien is to yield to the security interest. It is true that by the terms of KRS 376.450 the lien provided in KRS 376.440 shall "not take precedence over a mortgage or bona fide sale and delivery for value without notice * * *" unless certain procedural steps are taken (not here pertinent). However, the Uniform Commercial Code, and particularly KRS 355.9–310, as it deals with the question of priorities, is treating the matter of security interests—not mortgages. Although there are many similarities between a mortgage and security interest, there are many dissimilarities also. See the definition of "security interest," KRS 355.1–201 (37). Therefore, it is our conclusion that the language of KRS 376.450 as it relates to precedence for a mortgage has no validity as to the security interest here before us. We observe, in passing, that doubt exists whether 376.440, 376.445 and 376.450 relate to motor vehicles at all, but it is not necessary to determine that question here.

■ There is no merit in appellant's contention that the trial court's construction of the statutes results in a violation of Sec. 19, Kentucky Constitution, as it relates to impairing the obligation of contracts. The simple answer is that the Uniform Commercial Code, containing the statutory provisions at hand, became effective July 1, 1960, and before the appellant entered into its lien contract. It is well settled that implicitly included in the terms of contracts are the laws subsisting at the time and place of the making of the contract. City of Covington v. Sanitation Dist. No. 1, Ky., 301 S.W.2d 885, 888.

■ Neither do we find any basis for appellant's assertion that the result reached amounts to a denial of due process because of lack of notice. Appellant suggests no authority for that argument; we know of none. The fact that the effect of the statute is implicit in the contract is a complete answer to this contention also.

■ Finally, appellant contends that permitting priority to the furnisher here contravenes established public policy of the Commonwealth. The primary basis for this point rests upon the language of Indiana. Truck Corporation of Ky. v. Hurry Up Broadway Co., 222 Ky. 521, 1 S.W.2d 990. There it was observed that the great importance of financing purchase of motor vehicles demanded protection of the lien to the financer. The tenets there promulgated were sound when written; the legislature has now seen fit to fashion a change in that policy in light of changed conditions. We think it may not be doubted that the General Assembly possesses competence to make such changes.

The judgment is affirmed.