## Miller Brothers Company v. Blackburn Coal Company, et al.

(Decided January 19, 1926.)

### Appeal from Floyd Circuit Court.

1. Sales—Contract for Sale of Lumber and Purchase-Money Notes Constituted Tennessee Contracts Governed by Laws of Tennessee. —Where purchase-money notes for lumber were signed in Kentucky and were payable in Tennessee pursuant to contract of sale made in Tennessee, and indorsement on back of each note being guaranty that notes would be paid and constituting part of original contract by which time was given for the lumber, papers constituted Tennessee contracts governed by laws of Tennessee.

2. Sales—Validity of Contract to Pay Interest Governed by Law of Place of Contract.—Validity of contract to pay interest on purchase-money notes is governed by laws of place of contracting.

3. Bills and Notes—Foreign Contract for Payment of Attorney's Fees Held Agreement for Payment of Penalties, and Not to be Enforceable in Kentucky.—Contract made in foreign state to pay 10 per cent. attorney's fees, if purchase-money notes were required to be placed in hands of attorney for collection, constituted an agreement to pay penalties, and will not be enforced in Kentucky.

4. **Bills and Notes—Introduction of Notes Made out Prima Facie Case for Plaintiff.**—In suit on notes, introduction of notes in evidence made out a prima facie case for plaintiff.

STATON & KEESEE for appellant.

A. J. MAY and MAY, ALLEN & MAYO for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Miller Brothers Company is a corporation running a sawmill and selling lumber at Johnson City, Tennessee. The Blackburn Coal Company is a corporation operating a coal mine in Floyd county, Kentucky. Mr. John Blackburn, acting for the Blackburn Coal Company, went to Johnson City, Tennessee, and there made a contract with Miller Brothers for the purchase of lumber, amounting to $9,552.82. Miller Brothers agreed to accept promissory notes for the price on the usual Tennessee form, drawing 8% interest from date, payable at the Unaka and City National Bank at Johnson City, Tennessee, and when the cars were shipped and checked up by the Blackburn Coal Company they were to execute the notes. This practice was followed and the notes were duly executed, payable at different intervals according to the agreement. The notes were not paid and this suit was brought by the Miller Brothers Company to recover upon them, the facts above stated being alleged in the petition and judgment being prayed for interest at 8% and an attorney's fee of 10%, pursuant to the law of Tennessee. The defendants filed answer in which they denied that the notes were executed or delivered in Tennessee, or were Tennessee contracts, or that 8% interest, or an attorney's fee of 10% was allowed by the law of Tennessee. They also pleaded that notes were executed for $300.00 more than the defendants actually owed by mistake and before the lumber was checked up. A reply was filed controverting the allegations of the answer. On motion of the plaintiff, judgment was rendered in favor of the plaintiff for the uncontroverted part, with interest at 6%. This left in issue the credit of $300.00 and the question of 8% interest and an attorney's fee of 10%. The proof was taken which, without contradiction, showed the law of Tennessee to be as alleged in the plaintiff's petition and also showed the facts above stated as to the contract. There was no proof taken showing any

mistake in the amount for which the notes were executed, and on the contrary the proof for the plaintiff showed that the notes were executed for the true amount due. On final hearing the circuit court dismissed the plaintiff's petition, refusing it any recovery on the items in controversy. The plaintiff appeals.

The notes are all on the same form, one of them, so far as material, reading as follows:

"Johnson City, Tenn.,

"$4,231.32:                              Feb. 13, 1922.

"Four months after date, we promise to pay to the order of Miller Brothers Company, forty-two hundred and thirty-one dollars and 32/100 dollars, at the Unaka and City National Bank, Johnson City, Tenn., for value received, with interest from date until paid at 8% as per special agreement. We, the makers and endorsers, waive demand, notice of protest, and, in the event this note is placed in the hands of an attorney for collection, upon default, we agree to pay 10 per cent attorney's fee.   .   .   .

"BLACKBURN COAL COMPANY (seal),
By Fred Blackburn, Pres."

On the back of each note appears the following:

"We, as endorsers, waive demand, notice and protest, and guarantee payment of this note, and acknowledge that we sign with full knowledge of this contract.

"SAM PORTER,
FRED BLACKBURN,
DR. M. M. COLLINS."

There is no dispute as to the law of Tennessee, which is clearly shown to authorize the recovery of 8% interest. The question of interest, therefore, turns simply on whether or not the notes were Tennessee contracts. In 5 R. C. L., p. 964, section 47, the rule is thus stated:

"The maker of a note and the acceptor of a bill of exchange as primary obligors are ordinarily deemed to have bound themselves in accordance with the laws of the place where the note or bill is payable; and generally, therefore, as to the contract of the maker of a note, or that of the acceptor of a bill of exchange, the law of the place of performance will

govern as to execution, construction and validity of his contract on the theory that such was probably the intention of the parties even though the note was signed or acceptance made elsewhere.''

Again in section 49 is this:

"For example, though an indorsement of a note is made in one state, yet if the indorser transmits it to another state to be there received by the payee, and this is done pursuant to an agreement made in such other state, the obligation of the indorser is to be determined by the law of the state in which the note was received by the payee. The general rule as stated above represents the practically unanimous view of the American authorities."

The Kentucky cases are in accord with this rule. Stevens v. Gregg, 89 Ky. 461; German Nat'l Bank v. Zimmer, 141 Ky. 401.

The contract here was made in Johnson City, Tennessee; the notes were signed in Kentucky and mailed to Johnson City, Tennessee, pursuant to the contract made in Tennessee. The notes were made payable in Johnson City, Tennessee. The indorsement upon the back of each note is a guaranty that the notes will be paid and was a part of the original contract by which time was given for the lumber.

We, therefore, conclude that these papers are Tennessee contracts which are governed by the laws of Tennessee and that the contract to pay 8% interest is valid and enforceable, being warranted by the laws of Tennessee.

The question of 10% attorney's fee depends upon other principles. It was held by this court in Clark v. Tanner, 100 Ky. 276, and in Rogers v. Rains, 100 Ky. 295, that such contracts are agreements to pay penalties, tend to oppression of the debtor and encourage litigation; for this reason such contracts when made in a foreign state will not be enforced in Kentucky, on the ground that they are contrary to the policy of our laws which prescribe the amount of the attorney's fee that may be taxed against the unsuccessful litigant. These opinions follow a number of prior cases and have been several times followed since. Johnson v. Rogers, 19 Ky. R. 1272; Fidelity Trust Co. v. Ryan, 109 Ky. 240; Carsey & Co. v. Swann & James, 150 Ky. 473. The circuit court, therefore, prop-

erly refused to enter judgment for an attorney's fee of 10%.

The notes make out a *prima facie* case for the plaintiff, and there being no evidence of mistake in their execution, judgment should have been rendered in favor of the plaintiff for the $300.00, deducted, when the original judgment for the uncontroverted part of the claim was entered.

Judgment reversed and cause remanded to the circuit court, with directions to enter a judgment as above indicated. Whole court sitting.