## C. I. T. Corporation v. Studebaker Sales of Kentucky.

(Decided Nov. 17, 1933.)

350

LEE S. JONES for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Both appellant and appellee are corporations, the one being the plaintiff below and the other the defendant in this action, brought in the Jefferson circuit court by plaintiff to recover of defendant the sum of $804.95. The grounds alleged in the petition, upon which the right of recovery was asked, were these: Defendant on January 28, 1929, sold to one John D. Herndon a passenger bus to be operated by him between the city of Louisville and Taylorsville in Spencer county. A cash payment was made, and the purchaser executed to defendants his written obligation by which he agreed to pay it in installments at stated periods the balance of the purchase price of $4,486.54 in seventeen equal successive monthly payments. On the same day defendant sold that obligation to Motor Dealers' Credit Corporation, which later went out of business and sold it to the plaintiff. The transfers carried with them a mortgage on the bus, executed by Herndon to defendant to secure

the full payment of all the deferred monthly installments. The obligation contained an agreement to pay 15 per cent. attorneys' fees "or if prohibited, the amount prescribed by law or fixed by the court." The indorsement made by defendant as transferor contained an agreement waiving presentment, protest, and dishonor, and to discharge all its obligations, and also this language: "And suit may be brought by the holder of this note against anyone or all of us, at the option of said holder, whether suit has been commenced against the maker or not."

Herndon made payments thereon and reduced the unpaid balance to the sum of $1,744.75, after which some of his creditors filed actions against him in the Spencer circuit court, in which general attachments were procured and levied on the bus. It appears from the record that one of those claims was for repairs made thereto, and in the consolidated actions in that court there were claims filed amounting to $101.21 alleged to be due for taxes due the state and county, and also to the city of Taylorsville, Ky. Plaintiff filed an intervening petition in the consolidated actions in Spencer county, setting up its mortgaged lien and claiming priority over any of the claimants in those consolidated actions, and also over the alleged tax claims. It then executed a forthcoming bond and took possession of the bus and immediately turned it over to defendant who had sold it to Herndon, under an agreement for its retention by it until it could be sold. Defendant kept it for some months and informed plaintiff that no sale could be effected while the alleged lien claims attempted to be asserted in the Spencer county actions were undetermined; but it never admitted that any of them were superior to the mortgage lien. Plaintiff then on its own volition compromised those claims by paying to each of the claimants an agreed sum in full settlement whereby they were released. But, either before or after those payments were made (the fact not being clear from the record), plaintiff agreed that defendant might sell the bus for $1,740, being $4.75 less than the balance due on the original obligation executed by Herndon to defendant, and which was then owned by plaintiff. That sale was made for the agreed cash price and the proceeds turned over to plaintiff by defendant. The total amount of the compromised payments made by plaintiffs, including court costs, was $508.71, and by

this action it sought to recover of defendant that amount, as well as the additional one of $4.75 balance due on the contract, plus an attorney's fee, which it was claimed the obligation provided for, all of which made the grand total of $804.95, the amount for which judgment was prayed.

Various defenses were interposed, among which were: That the payments made by plaintiff to the claimants in the Spencer county consolidated actions were unauthorized and purely voluntary, and for which it was not entitled to reimbursement out of the proceeds of the mortgaged property. The right to collect an attorney's fee was also contested. Following pleadings and motions made the issues, and upon submission, after evidence heard, the court peremptorily instructed the jury to return a verdict in favor of plaintiff for only $4.75, representing the balance due and unpaid on Herndon's obligation, and complaining of it plaintiff prosecutes this appeal.

It readily will be seen that so far as the defenses we have mentioned are concerned the judgment was proper, if under the law the compromised payments made by plaintiff in settlement of the Spencer county consolidated actions and claims were without authority and voluntary on its part, and if it cannot enforce the agreement to pay attorney's fees. The court did not indicate in its judgment its disposition of those questions; but clearly it came to the conclusion that the payments were voluntary and such as plaintiff was not entitled to reimburse itself out of the proceeds realized by the sale of the bus, and that the stipulated attorney's fee was not recoverable, and in both of which we think it was correct. It will not be our purpose to enter into an elaboration of, or into an extensive discussion of, the question as to when payments may be recovered from the person for whose use or benefit they were made, and we will, therefore, confine ourselves to the specific facts of this case.

The text in 48 C. J., 738, sec. 284 says: "If a person, with full knowledge of the facts voluntarily pays the debt of a third person, he cannot recover back the amount so paid; and in the absence of ratification he cannot recover such payment from the debtor." That doctrine was approved by us in the case of Maryland Casualty Company v. Givens, 177 Ky. 131, 197 S. W.

497, and other cases therein referred to. There are certain exceptions to the rule, one of which is that where the payor, though not personally obligated for the debt, makes the payment. to protect his security, in which case the payment by him is not voluntarily made, but done to protect his rights in and to property held by him, and in which event it is considered by the law as an involuntary one which may be recovered from the original promisor, or others who legally agreed to pay the debt. Therefore, if any of the claims attempted to be asserted against the bus in the consolidated Spencer county actions were liens against it, and *superior* to the mortgage on it, and it thereby became necessary to discharge that lien, or liens, then such compromised payments by plaintiff were involuntary under the rule supra, and for which it would be entitled to be reimbursed as against the maker of the obligation or any of its indorsers, including defendant. However, there is nothing in the record to show that any of the compromised payments were made in discharge of any superior lien to the mortgage, and the burden was on plaintiff to show that fact, since it was essential to entitle it to recover any payment so made.

It is true that attachments were levied on the bus in those consolidated actions, and in one of them the claim was for repairs to it; but the others were filed by general creditors of Herndon, and it appears in the record that at the time of the compromised payments the judge of the Spencer circuit court had expressed doubts as to the sufficiency of the grounds of those attachments, and that he would eventually discharge them. We are deprived of expressing any opinion thereon, since the record of the consolidated proceedings has not been brought to this court. However, it is perfectly clear, and so much so as to require the citation of no authorities, that a general creditor cannot obtain by attachment a lien superior to a prior mortgage on the property attached if plaintiff in the attachment suit has legal notice thereof.

It is also true that a mechanic's lien in favor of the one who furnishes material and does repairs to a motor vehicle, as given by sections 2739h-1 and 2739h-2 by our present Statutes, is inferior to a contract lien given by the purchaser of the motor vehicle, to secure the purchase price, or the balance due on it, as was held by us in the case of Indiana Truck Corporation v.

354

Hurry Up Broadway Co., 222 Ky. 521, 1 S. W. (2d) 990. A similar principle, substantiating that conclusion, was likewise approved in the later case of South v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519. However, if it were otherwise as to the repair claim, plaintiff herein would still be without authority to recover the payment made in settlement of it, since it nowhere appears in the record that the necessary steps were taken by the owner of it to perfect his statutory lien. It therefore follows that none of the compromised *individual* claims attempted to be asserted in the Spencer county actions were necessary to be made by plaintiff in order to protect its mortgage security, which in this case was the bus, and therefore the compromised amounts that it paid in settlement thereof were purely voluntary ones. Being such, and not having been paid under circumstances permitting their recoupment by the one paying them, as is set out in the text in 41 C. J. p. 15, sec. 8, the court properly dismissed plaintiff's petition in so far as it was based on the compromise or any of those individual claims.

But it is next insisted that the tax claim of $101.75 was by law a superior lien on the mortgaged bus, and that plaintiff in any event would be entitled to recover it. But the trouble with that contention is that such right was denied by defendant and the burden was thereby cast upon plaintiff to prove the necessary facts to make that claim a valid and superior lien against the mortgaged property. In the first place, it does not appear that any part of it was due for taxes arising upon an assessment of the bus, nor does it appear that any portion of it was validly created by the necessary proper assessments in order to create a valid tax lien. Such superior lien being denied by defendant, and no evidence being introduced to prove its validity, the right of recovery as to it was likewise properly denied.

But, it is insisted that under the terms of the indorsement, as claimed by plaintiff, it had the right to compromise the Spencer county actions and the taxes asserted, and to recover the amount thereof against defendant. That contention is based upon certain language which counsel asserts is contained in the endorsement and which, if true, would read: "And suit may be brought by the holder of this note against anyone or all of us at the option of said holder whether suit has been *compromised* against the maker or not."(Our italics.)

But an examination of the endorsement on the back of the note, which is filed as an exhibit with the petition, discloses that the indorsement contains no such language, since the word "compromised" is nowhere found in the indorement as above given, but instead thereof the word "commenced" is the correct one, so as to make it say, "whether suit has been *commenced* against the maker or not." (Our italics.) It is therefore clear that this contention is without merit, since an exhibit when contradicting a pleading to which it is filed prevails over the pleading itself. Holzknecht v. Louisville Deutsche Scheutzen Gesselschaft, 195 Ky. 189, 241 S. W. 804.

There remains the item of attorney's fee which plaintiff sought to recover under the stipulation contained in the note, but to which but little time nor space need be devoted, since both before and following the enactment of our Negotiable Instruments Act we held such stipulations invalid, and which was done in the cases of Mt. Vernon Banking Co. v. Randolph, 8 Ky. Opin. 692; Handley v. Tebbetts, 16 S. W. 131, 17 S. W. 166, 13 Ky. Law Rep. 280; Witherspoon v. Musselman, 77 Ky. (14 Bush) 214, 29 Am. Rep. 404; Trimble v. Farmers' Bank of Ky., 8 Ky. Opin. 186; W. H. Carsey & Co. v. Swan & James, 150 Ky. 473, 150 S. W. 534; Miller Bros. Co. v. Blackburn Coal Co., 212 Ky. 447, 279 S. W. 618; Clark v. Tanner, 100 Ky. 276, 38 S. W. 11, 19 Ky. Law Rep. 590; and Rogers v. Rains, 100 Ky. 295, 38 S. W. 483, 18 Ky. Law Rep. 768. Section 256, p. 148, of 8 Corpus Juris, points out the states holding such stipulations valid as between the immediate parties, and those holding them to be invalid, and in the latter class is the state of Kentucky, and some of the cases so holding will be found in note 43 to that text, but which does not include the Miller Bros. Co. Case, supra, it having been rendered since the compilation of that text. See also same book, p. 150, sec. 258. The later cases from this court were rendered since the enactment of our Negotiable Instruments Act, and therefore determined that it contained no provision rendering such a stipulation valid. The only language concerning it is found in section 3720b-2 of our present Statutes, and which is section 2 of the act, and it deals exclusively with the *certainty* of the sum agreed to be paid in order to render an instrument negotiable and to come within the provisions of the statute. Subsection

356

5 of that section says that the sum agreed to be paid is certain, although it is stipulated that the amount to be paid is "costs of collection or an attorney's fee, in case payment shall not be made at maturity." It will be perceived that no attempt is made in that language (and which is all that any part of the statute contains with reference to the subject) to enact or prescribe that a stipulation for attorney's fees could legally be made; but only that if one was contained in the note it would not render the sum agreed to be paid uncertain so as to destroy the negotiability of the instrument. Such was the interpretation given in our later opinions, rendered since the enactment of that statute, and it is now the settled rule in this state. It therefore results that none of the grounds upon which plaintiff sought a recovery are sustainable, except the amount for which the trial court directed judgment, and that being true we find no reason to interfere therewith.

Wherefore, the judgment is affirmed.