**CREDIT ALLIANCE CORPORATION,**
Movant,

v.

**ADAMS CONSTRUCTION CORPORA-
TION, etc., et al., Respondents.**

Supreme Court of Kentucky.

Aug. 22, 1978.

J. K. Wells, Wells, Porter & Schmitt, Paintsville, for movant.

John David Preston, Perry & Preston, Paintsville, for respondents.

REED, Justice.

The decisive issue in this case is whether a creditor who invokes an acceleration clause in a security agreement may recover unearned interest or finance charges. The trial court held that the debtor, who had defaulted in making timely installment payments and against whom acceleration had

been invoked, was not liable for unearned finance charges.

The creditor appealed to the Court of Appeals. Declaring that the security agreement was ambiguous and that the usage of trade in the locality was usable to resolve the uncertainty, the Court of Appeals in an unpublished opinion affirmed the judgment of the trial court. The creditor sought discretionary review from this court which was granted. Although we disagree with the rationale given by the trial court and approved by the Court of Appeals, we hold that the result reached by the trial court and confirmed by the Court of Appeals was correct. Therefore, we affirm for the reasons later stated in this opinion.

## I

The movant, Credit Alliance Corporation, financed twelve Mack trucks for the respondents, Adams Construction Corporation, Adams Real Estate Corporation, and Adams Ford Company, Inc. under a security agreement dated February, 1974. The cash price was $285,247.68, plus finance charges of $35,199.92, for a total of $320,447.60. The respondents made a down payment of $65,247.68, leaving a deferred balance of $255,199.92. Respondents executed the security agreement and an installment note which provided for twenty-four successive monthly installments of $10,633.33 each. Respondents paid twelve installments and defaulted on the next three. Movant filed suit to collect in May 1974. The installments for March, April and May 1974 were paid in June 1974 after the suit had been filed. These installments were accepted by the movant. Respondents later tendered the installments for the months of August, September and October of 1974, but they were returned by movant.

On August 12, 1974, movant invoked the acceleration clause of the security agreement, declaring the entire balance due and payable. Movant moved for immediate possession of the trucks. On November 1, 1974, respondents paid into court $110,000, representing the unpaid principal balance and were allowed to retain possession of the trucks.

The trial judge referred the case to the Master Commissioner. Under the order of reference the commissioner reported that movant was entitled to recover $500.00 for an attorney's fee, but nothing for unearned finance charges. The trial judge adopted the commissioner's findings as the findings of the court and entered judgment in accordance with them. The movant then appealed to the Court of Appeals where the judgment was affirmed.

## II

The trial court and the Court of Appeals stressed two recitations in the security agreement. The first stated: "(3) You have the right to pay in advance the full amount due and under certain conditions to obtain a partial refund of the time-price differential." The second, the acceleration clause, stated that the creditor, in event of the debtor's default in making the installment payments agreed to, "may declare the entire balance together with interest, collection charges and attorney's fees and any other sums owing to Holder immediately due and payable. . . ."

According to the Court of Appeals, the first recitation when it referred to "certain conditions" without other specificity permitted use of KRS 355.1–205, which defines "usage of trade." A local banker testified that it was the customary practice of his bank to give a rebate of unearned interest to a debtor even after invocation of an acceleration provision. The Court of Appeals then declared that the acceleration clause in the security agreement was ambiguous in its use of the word "interest" in the phrase "together with interest." The court interpreted the phrase to mean "interest earned but unpaid as of the date of acceleration when construed according to the usage of trade."

In our view, the prepayment provision with its reference to unspecified conditions never became relevant. A defaulting debtor against whom acceleration of the

due date of the remaining indebtedness has been invoked is not one who can be described as voluntarily "paying in advance" in the context in which that description is used. This court also concludes that resort to "usage of trade" is unnecessary to resolve the ultimate issue of whether the creditor is entitled to collect unearned finance charges in this case. We hold that, regardless of what the usage of trade "might or might not be", the creditor here cannot enforce collection of the unaccrued finance charges where the maturity date of the obligation has been hastened by virtue of the acceleration clause.

### III

■ Movant asserts that it is questionable whether respondents were entitled to redeem the trucks after the filing of the repossession proceeding.

"The Uniform Commercial Code permits redemption at any time before the secured party has disposed of the collateral or entered into a contract for its disposition, or before the obligation has been discharged through an effective acceptance of the collateral by the secured party in discharge of the obligation. . . ."

"The right of redemption is also cut off under the same circumstances as in pre-Code law, where there has been a foreclosure of the security interest by judicial process, since such judicial foreclosure is permitted under the Uniform Commercial Code." 69 Am.Jur.2d, Secured Transactions, section 642, p. 554. KRS 355.9–506 and 355.9–501(1), (5). In this case the creditor has not disposed of the collateral, nor entered into a contract for its disposition, nor effectively accepted the collateral in discharge of the obligation. The trial court decreed that he was not entitled to a judgment of foreclosure because the amount of his claim was in excess of what he was entitled to collect. Therefore, there was, of course, no judicial sale pursuant to execution. We conclude that respondent's right of redemption under KRS 355.9–506 was

and is open and unextinguished on the present record. No complaint is made by the parties concerning the legality of the allowance of the attorney fee to the creditor.

### IV

■ Although movant contends: "If payment after acceleration of maturity can be considered a pre-payment, the refund to which the debtor is entitled would probably be governed by KRS 371.260"[1] the contention is untenable. KRS 371.260 applies to retail installment sales transactions not including motor vehicles. See KRS 371.210. A loan on commercial motor vehicles is completely outside any possible reach of KRS 371.210 to 371.330 which deal with retail installment sales.

Movant's brief in this court commendably and correctly narrows the scope of our consideration when it poses the question of law involved:.

"May a debtor redeem collateral from a repossession action by paying into Court the unpaid principal without paying unearned interest or finance charges, although the creditor had accelerated the installments and declared the entire balance due prior to filing the repossession action?" (Brief for Movant, p. 2).

Thus troublesome factual issues concerning the nature of the transaction in question are eliminated. There is no pretense made that this was a "credit sale at an advanced price." No argument is attempted that the term "time-price differential" evidences a "sale" as contrasted with "interest" on a "loan." The parties agree and have practiced the case on the premise that this transaction was a loan, and the terms "finance charges" and "time-price differential" were regarded as the equivalent of "interest"—compensation for the use of money. See 45 Am.Jur.2d, Interest and Usury, sections 123, 127, pp. 106, 107, 109, 110, 111.

---

1. Brief for Movant p. 11.

## V

■ A general rule as stated in 10 C.J.S. Bills and Notes § 251, p. 748 is:

"A note providing for the payment of the principal in installments at specified times, and requiring the payment of interest on each installment until maturity, does not require the payment of future unearned interest in the event the maturity date is hastened by virtue of an acceleration clause contained in the note."[2] Again in general terms, the text writer in American Jurisprudence notes that an acceleration provision is usually construed as entitling the lender upon default only to the principal and interest then accrued, the excess interest being deemed a penalty which can neither be collected nor retained. 45 Am. Jur.2d, Interest and Usury, section 183, pp. 145–146.

Although not cited by the parties either in the Court of Appeals or in this court, we found an ALR annotation on the subject was very helpful. It collects and analyzes a number of decisions which are relevant. See "Annotation: Right of Holder of Commercial Paper To Interest on Finance Charges Applicable To Period After Acceleration of Maturity Of Obligation Because of Debtor's Default." 63 A.L.R.3d 10 (1975) (1977 Pocket Part p. 3).

According to the Annotation, Courts have consistently given an inhospitable reception to claims for unearned interest or finance charges when the maturity of the obligation has been accelerated because of the debtor's default. Various policy reasons have been advanced to justify these decisions denying the recovery of unearned interest. If we were confined to the view that the sole reason to disallow recovery is to prevent usury, there would be no bar imposed to movant's claim because respondents are corporate entities and are precluded from asserting the defense of usury by Kentucky law. KRS 360.025, see also E'Town Shopping Center, Inc. v. Lexington Finance Co., Ky., 436 S.W.2d 267 (1969). We are not so confined.

In a number of cases, courts have based their decisions upon the ground of unconscionability regardless of the absence of usury as an element. Holman v. Hollis, 94 Fla. 614, 114 So. 254 (1927); Steffen v. Refrigeration Discount Corp., 91 Cal.App.2d 494, 205 P.2d 727 (1949); Spiotta v. William H. Wilson Inc., 72 N.J.Super. 572, 179 A.2d 49 (1962). These courts concluded that where an acceleration clause was invoked the obligation could not be collected except upon the cancellation of the unearned interest, since the lender otherwise would unconscionably recover interest beyond the time when his debt was repaid. Other cases have reasoned that the recovery of unearned interest would constitute a penalty which the court would not enforce in equity. 63 A.L.R.3d 10, 27. Still other cases have based their denial of recovery of unearned interest upon the ground that the consideration supporting the obligation to pay such interest had failed. 63 A.L.R.3d 10, 29, 30. The observation has been made that inasmuch as unearned interest is no part of an indebtedness at the time of prematurity under an option by the lender, it is therefore uncollectible because of lack of consideration. Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935 (1935).

In Block v. Ford Motor Credit Co. (Dist. Col.App.), 286 A.2d 228 (1972), the Court said:

"...   .   Thus the courts have refused to enforce acceleration clauses except upon cancellation of the unearned interest. (Citing cases)  We see no reason why the same principle should not apply to unaccrued finance charges.   .   .   ."

## VI

■ It appears to us that to allow recovery of unaccrued interest or finance charges in this case would be clearly unconscionable. It matters not whether the form of unconscionability is described as an impermissible penalty unenforceable in equity or a penalty rather than liquidated damages or the impermissible enforcement of an obligation

2. Footnote Omitted.

the supporting consideration for which has failed. The possible presence of ambiguous language in the security agreement and the usage of trade are irrelevant. The trial court reached the correct result.

The decision of the Court of Appeals is affirmed.

All concur, except CLAYTON, J., who did not sit.