Wayne D. RILEY and Edith M.
Riley, Appellants,

v.

**WEST KENTUCKY PRODUCTION
CREDIT ASSOCIATION,
INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 25, 1980.

As Modified on Denial of Rehearing
April 4, 1980.

Discretionary Review Denied
Sept. 16, 1980.

Lucien Cisney, Greenville, for appellants.

Ralph D. Vick, Greenville, for appellee.

Before GANT, VANCE and WINTER-SHEIMER, JJ.

VANCE, Judge.

The question is whether appellee is entitled to recover attorneys' fees for the collection of a note and the enforcement of a mortgage and a security agreement which secured the note.

Appellants executed their promissory note to appellee for $29,403.00. The note was secured by a mortgage on real property and a security agreement on farm machinery and tools. The note, the mortgage and the security agreement each contained a provision for the payment of reasonable "attorneys fees" and other costs of collection.

Appellants failed to make any payment on the indebtedness and appellee filed suit on the note, mortgage and security agreement demanding judgment in the amount of the indebtedness, interest, costs and attorneys' fees and enforcement of the liens by judicial sale. After the suit was filed appellee acceded to a request by appellants that appellants be permitted to sell a portion of the real property at a private sale. The debt and interest were paid in full from the proceeds of the private sale and no judicial sale was necessary.

The question of attorneys' fees arose before there was agreement for the private sale. Appellee demanded a fee of $3,000.00 which appellants refused to pay. Appellee then agreed to take the sum of $1,000.00. Appellants did not expressly agree to this proposal, but did agree to place in escrow enough money to pay the fee in the event it was held that appellants were liable for the attorneys' fees.

The trial court held that appellants were liable for the payment of the fee and they appeal.

A long line of cases hold that provisions of a note purporting to agree that attorneys' fees may be recovered against the debtor are invalid as against public policy because they are agreements to pay penalties, tend to the oppression of debtors and encourage litigation. *C. I. T. Corporation v. Studebaker Sales of Kentucky*, 251 Ky. 349, 65 S.W.2d 84 (1933); *Miller Brothers Co. v. Blackburn Coal Co.*, 212 Ky. 447, 279 S.W. 618 (1926); *Cloud v. Hug*, Ky., 281 S.W.2d 911 (1955).

Appellees contend the previous holdings of our Courts have been superseded by the enactment of the Uniform Commercial Code. We held in *Mammoth Cave Production Credit Association v. Geralds*, Ky.App., 551 S.W.2d 5 (1977), that KRS 355.3–106 did not authorize allowance of attorneys' fees for the enforcement of real estate mortgages.

Appellees contend, however, that this action was not only to enforce a mortgage, but also to enforce a security agreement on personal property, and that KRS 355.9–504(1)(a) expressly authorizes the allowance of attorneys' fees. That statute provides:

A secured party after default may sell, lease, or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. . . . The proceeds of disposition shall be applied in the order following to

(a) the reasonable expenses of retaking, holding, preparing for sale, selling and the like and, *to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party*; . . . (Emphasis ours.)

We have serious reservations as to whether KRS 355.9–504 is applicable because it seems to contemplate a disposition by a creditor, not a judicial sale. *Kohlenberg v. American Plumbing Supply*, 82 Wis.2d 384, 263 N.W.2d 496 (1978).

In addition we find nothing in KRS 355.9–504(1)(a) which expressly changes the earlier holdings of the Court with respect to public policy. It is true that it is a prerogative of the General Assembly to establish public policy, but a change from one public policy to another should be expressed clearly and positively and not in an oblique fashion. Here the legislature has simply authorized recovery of fees "not prohibited by law." The truth is that in most cases such fees were prohibited by law before the enactment.

In those cases in which the recovery of attorneys' fees for collection procedures have been allowed by the legislature, the provisions of the legislation have been plain and positive. Thus KRS 287.215(3); 289.-461(2)(c); 190.100(1)(a); 291.500(1) and 287.-750 each provides that in addition to other costs attorneys' fees not exceeding fifteen percent of the unpaid balance may be collected provided the account is referred to an attorney not a salaried employee of the holder for collection.

KRS 367.750, relating to actions for nonmerchantability of mobile homes, provides that the claimant may recover reasonable

**918**

attorney fees if he prevails in the action. KRS 376.220(3) and KRS 411.080 each specifically provides for recovery of attorney fees in language that is susceptible of but one interpretation.

In view of the positive language the legislature has used when it wanted to permit recovery of attorneys' fees, we cannot say that the casual language of KRS 355.9–504(1)(a) was intended to change the previously existing public policy of the State.

■ The policy heretofore declared with respect to recovery for attorneys' fees in Kentucky in collection cases is a minority rule in the nation. It may be, as was argued by appellee, that this policy is in conflict with the expressed intent of the Uniform Commercial Code which is to promote uniformity among the various jurisdictions. Regardless of that, it is not a proper function of this Court to overturn the rules of law established by our Supreme Court or to enunciate a new public policy in the absence of a clear legislative mandate to do so.

The question of whether the General Assembly, in permitting attorneys' fees for collections in the instances set forth in this opinion, overruled by implication the public policy against the recovery of fees in all collection cases was not argued or raised by any party. We do not decide it.

■ We are unable to agree with appellee's contention that actions of the parties subsequent to the institution of this litigation require affirmance of the judgment by equitable estoppel.

The judgment is reversed.

All concur.