284 S.E.2d 618 (1981)
The FIRST NATIONAL BANK OF GRAYSON
v.
Rex WHALEY, Lewis F. Whaley, and W. R. W., Inc., D/B/A W. & W. Coal Company.
No. 15083.
Supreme Court of Appeals of West Virginia.
December 2, 1981.
Marshall & St. Clair and William D. Levine, Huntington, for appellant.
White, Wolpert & Nibert and Bernard T. Nibert, II, Huntington, for appellees.
McGRAW, Justice:
The First National Bank of Grayson, Kentucky (hereinafter the Kentucky bank), appeals from a final order of the Circuit Court of Cabell County, entered on October 14, 1980, which denied the Kentucky bank's recovery of a reasonable attorney's fee in this action. The court below concluded that the payment of attorneys' fees violates the public policy of the State of West Virginia, and it is from this ruling that the Kentucky bank appeals.
On March 9, 1978, W. R. W., Inc., a Kentucky corporation, d/b/a W. & W. Coal Company (hereinafter the Kentucky company), executed a promissory note in the amount of $10,000 payable in fifteen days to the plaintiff bank which was located and doing business in Grayson, Kentucky. The note was personally endorsed in Kentucky by Lewis F. Whaley and Rex Whaley, who are brothers and officers of the defendant, the Kentucky company. Rex Whaley, who, as far as can be determined from the record submitted, was the sole responding defendant, is a resident of Ohio. The loan in question was to meet the current payroll obligations of the Kentucky company and was repayable in fifteen days.
One provision of the note stated: "Each maker, co-maker, endorser, surety, and guarantor hereof jointly and severally agrees to pay this note and guarantees payment hereof and waives demand, presentment, protest and notice of dishonor ... and agrees in case of default to pay all cost of collection, including all reasonable attorney's fees and legal expenses."
On March 28, 1978, four days after the note was due, $5,000 was paid on the note and $51 was paid in interest. Thereafter, the Kentucky bank made repeated demands for payment but no further payment of the *619 principal was received. Suit was instituted on May 17, 1979, in the Circuit Court of Cabell County. Prior to trial, counsel for the defendants moved the court for leave to pay the balance due on the note plus accrued interest and to dismiss the Kentucky bank's claim for attorneys' fees. The court granted this motion, and at a subsequent hearing governing attorneys' fees, the Kentucky bank claimed that $1,896.33 was a reasonable contingent fee in this action. The circuit court found that $900 was a reasonable attorney's fee but denied the Kentucky bank judgment in any amount on the ground that such award was contrary to the public policy of the State of West Virginia.
The sole error alleged by the appellant Kentucky bank is that the court below erred in denying it the right to recover all costs of collection, including reasonable attorneys' fees and legal expenses, as provided by the promissory note which was executed by the defendants.
The first question which this Court must resolve is whether to apply the law of West Virginia or that of Kentucky to determine what obligation, if any, exists for the payment of attorneys' fees. The note in question here was, without dispute, entered into in Kentucky, the duties it obligated the Kentucky company to perform were to be performed in Kentucky, and the plaintiff, the Kentucky bank, is a resident of Kentucky. Under West Virginia's traditional conflicts of law principles, Kentucky law controls the validity and enforceability of the note in question. Pemco Corp. v. Rose, W.Va., 257 S.E.2d 885, 888 (1979); Michigan National Bank v. Mattingly, W.Va., 212 S.E.2d 754 (1975). In this action we must, therefore, turn to the law of Kentucky to determine whether attorneys' fees are recoverable.
In reference to this second issue, we note that the case law in Kentucky is replete with the proposition that promissory notes requiring the payment of reasonable attorneys' fees upon default are not enforceable. In Mammoth Cave Productions Credit Association v. Geralds, 551 S.W.2d 5 (Ky.App. 1977) the court noted that the case law in Kentucky has uniformly held unenforceable as contrary to public policy provisions requiring the debtor to pay attorneys' fees arising as the result of the debtor's default. In Riley v. West Kentucky Production Credit Association, Inc., 603 S.W.2d 916 (Ky.App.1980) the court again stated that a long line of cases hold that provisions of a note proporting to agree that attorneys' fees may be recovered against the debtor are invalid as against public policy. That court went on to find that the provisions of the Uniform Commercial Code do nothing to change this policy.
It is clear from these cases that Kentucky has a long-standing policy of denying any requirement that the defaulting debtor be required to pay attorneys' fees and, since Kentucky law is governing in this case, this Court must dismiss the Kentucky bank's appeal.
For the reasons stated above this action is dismissed from the docket of this Court.
Dismissed.