**Larry T. FREAS and Deborah D. Freas, Husband and Wife, and Larry T. Freas, d/b/a Freas Construction Company, Appellants,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOWLING GREEN, Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 2, 1982.*

---

* This case was originally designated "Not to be Published." On May 7, 1982 the Supreme   Court ordered it published.

J. Richard Downey, Franklin, for appellants.

G. William Leach, Jr., Franklin, for appellee.

M. Brooks Senn, Louisville, for amicus curiae Kentucky Banker's Ass'n.

Gross C. Lindsay, Henderson, for amicus curiae Kentucky Savings & Loan League, Inc.

Before GANT, McDONALD and VANCE, JJ.

McDONALD, Judge:

In this case the appellants were ordered by summary judgment to pay the appellee $900 as a recovery for its attorney's fee previously paid pursuant to K.R.S. 453.250.

Kentucky Revised Statute 453.250 states: Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employe of such creditor, obligor or lienholder. (Effective July 15, 1980.)

Here, a mortgage was executed prior to the effective date of the statute by the appellants on April 30, 1979, to secure payment of a promissory note. The mortgage contained a provision which stated:

(9) Mortgagor [appellants herein] agrees that in the event the Association [appellee herein] is required in its judgment to incur any expenses by reason of legal fees, Court costs or expenses incidental thereto, by reason of the filing of any divorce action, suit for sale of indivisible property or any other litigation involved with said premises, including the enforcement of this mortgage, then the mortgagor will pay said expenses and costs upon submission of an itemized statement for same by the Association at the conclusion of the litigation.

This litigation began when the appellants were named as defendants in the circuit court by a lumber supply company which sued for the enforcement of a Mechanics' and Materialmen's lien against the appellants' property. The appellee was named a defendant so as to enforce its mortgage lien against the premises. The appellants were unable to prevent a default, and a subsequent sale of their premises was held. The appellee was paid in full because it had a first mortgage, and the circuit court additionally allowed the appellee to recover $900 from the appellants, representing its attorney fee.

The issue presented is one of law, and is whether or not K.R.S. 453.250, concerning the award of attorney fees, has retroactive application to the time that the contract was entered into. At that time it was contrary to Kentucky public policy to award such fees. Appellants rely on *Mammoth Cave Prod. Credit Ass'n. v. Geralds*, Ky. App., 551 S.W.2d 5 (1977), and *Riley v. West Kentucky Production, Etc.*, Ky.App., 603 S.W.2d 916 (1980). Both cases held that an award of an attorney's fee, without statuto-

ry authority, was contrary to public policy, and therefore barred as being unenforceable. In *Riley, supra*, this Court went on to say that even where a statute authorizes an attorney's fee it must do so clearly and not by the use of casual language because, "... a change from one public policy to another should be expressed clearly and positively and not in an oblique fashion."

In answer to this call of the courts the legislature responded with K.R.S. 453.250. It settled any question about the awarding of attorney fees as being contrary to public policy in these instances. Thus, since the legislature ultimately determines public policy, the last judicial barrier has been breached by the enactment of K.R.S. 453.-250. Now, the chief question to be resolved in this dispute concerns the retroactive application of the statute.

Appellants reason and argue that the laws which subsist at the time and place of the making of a contract (here a mortgage), and where it is to be performed, are included in the terms of a contract as if such laws were expressly incorporated in its terms. So, even though provision 9 of the contract was agreed to and authorizes attorney fees, it is substituted by the public policy (law) of the state, as previously announced in *Geralds, supra*, and *Riley, supra*. Appellants cite *City of Covington v. Sanitation District No. 1*, Ky., 301 S.W.2d 885 (1957); *Corbin Deposit Bank v. King*, Ky., 384 S.W.2d 302 (1964); *Johnson Bonding Company, Inc. v. Commonwealth*, Ky., 487 S.W.2d 911 (1972);

*Whitaker v. Louisville Transit Company*, Ky., 274 S.W.2d 391 (1955); and *Kentucky Utilities Co. v. Public Service Com'n*, Ky., 252 S.W.2d 885 (1952).

In those cited cases, "the law" referred to as being incorporated in the contract is either constitutional or statutory law, not public policy. For example, in *Corbin Deposit Bank, supra*, the Uniform Commercial Code is the subject matter.

The appellants ask us for an interpretation of "shall" under the statute to mean "henceforth." This would preclude retroactivity. We decline to give such an interpretation.

We are aware that retroactivity, even where permissible, is not favored in the law, except upon the clearest mandate. Nevertheless, it is our conclusion, and we hold, that K.R.S. 453.250 has retroactive application in the awarding of attorney fees, provided that: 1) The contract provides for such a fee; and 2) the fee is based upon work performed after July 15, 1980.

The circuit court is affirmed.

All concur.