Mack and Ruby **DUFF,** et al., Movants,

v.

**BANK OF LOUISVILLE & TRUST COMPANY, Respondent.**

Supreme Court of Kentucky.

Feb. 27, 1986.

As Corrected March 18, 1986.

Charles D. Kaplan, Lynch, Sherman & Cox, Louisville, for movants.

James Cox, Michael G. Shaikun, Louisville, for respondent.

James M. Baker, Frankfort, for amicus-Dept. of Financial Institutions.

M. Brooks Senn, Louisville, for amicus-Kentucky Bankers Ass'n.

## OPINION OF THE COURT

The Court of Appeals affirmed a judgment of the Jefferson Circuit Court concerning the application and interpretation of KRS 287.215 and KRS 360.010 as they relate to certain interest charges on loans by the respondent to the movants herein. Upon motion of the movants, we granted discretionary review and affirm.

■ The Court of Appeals, in affirming the judgment of the Jefferson Circuit Court, adopted an edited version of the circuit court opinion. After due deliberation and consideration, we also adopt an edited version of Judge Mudd's opinion as follows:

"Movants seek to establish by this action that KRS 287.215, as amended in 1974, is the sole authority under which banks and trust companies may make installment loans repayable in the period between five (5) years and thirty-two (32) days and not exceeding ten (10) years and thirty-two (32) days.

"Movants allege that all the installment loans made to them by the bank in amounts over $15,000.00 and repayable in the period

as stated above, are in violation of KRS 287.215, as amended, and by reason of the alleged violation the bank is charging usurious interest, illegal fees and illegal penalties, for which Movants seek damages as well as declaring the loan agreements null and void.

"Based on the original and amended complaint filed by Movants, they seek to proceed as a class action on behalf of numerous parties in similar or like status and ask for punitive damages of $10,000,000.00.

"The respondent, Bank of Louisville, is joined by the Banking Association and the State Banking Commission as amicus curiae, and, without filing an answer, has filed its motion to dismiss the complaint. Movants have filed their motion for summary judgment on their complaints and both motions on behalf of the movants and respondent have been submitted by the parties and their counsel for a decision on the issue presented.

"The issue is whether or not all installment loans by banks in this state which are in excess of $15,000.00 and repayable between the period of five (5) years and thirty-two (32) days and ten (10) years and thirty-two (32) days are limited to the terms and provisions of KRS 287.215, as amended by the legislature in 1974.

"The issue stated presents the following question:

"Does KRS 287.215, as now amended, apply to all installment bank loans over $15,000.00, repayable in the period between five years and thirty-two days and ten years and thirty-two days?

"Movants answer 'yes' in their argument. The respondent Bank along with the Banking Association and the State Banking Commission answer 'no', stating that it has an inherent authority to make such loans under the usury statute of KRS 360.010, as well as under its statutory authority to make loans pursuant to Chapter 287 of the Kentucky Revised Statutes, and more particularly, under KRS 287.180.

"The issue presented to this court deals solely with loans in excess of $15,000.00.

"The thrust of Movants' argument is that all the loans made to the forty-nine (49) movants and others are governed by the provisions of KRS 287.215, as amended, as the sole authority for the bank to make such installment loans for the period involved. Movants further charge that the bank has charged usurious interest, fees, charges and penalties, in excess of those allowed by the controlling statute. Further, Movants claim the bank has used advantageous provisions from KRS 287.215 in its loans and is, therefore, estopped from denying their loans were made under its provisions.

"The notes, as structured, are dated between June 21, 1974 and March 31, 1980, and set forth the amount financed, finance charges, interest and the annual percentage rate of interest. The notes are secured by a lien on real estate and personal property as described therein.

"In bold print at the bottom of the notes, it is provided:

" 'THIS LOAN IS NOT MADE PURSUANT TO KENTUCKY REVISED STATUTES SECTION 287.215.'

"It is conceded that there is no controlling case law dealing with the application of these statutes to installment loans in excess of $15,000.00.

"The respondent Bank contends that before 1974 it has inherent authority to make installment loans which up to then were subject to the well-known usury statute KRS 360.010, which, at that time, fixed interest ceiling at six percent (6%).

"In 1974, the legislature amended KRS 360.010 and removed all limitations and restrictions as to the rate of interest on loans over $15,000.00.

"At the same session of the General Assembly, the legislature amended KRS 287.215, setting forth interest and other limitations and restrictions as to installment

loans, without any reference to the amount of the loan. Under this amendment, Movants rely heavily on the opening phrase of paragraph (1)(a), as follows:

" 'In addition to the power heretofore granted, any bank or trust company shall have the power to lend money repayable in installments; .....'

"Except for amending 'equal installments' to 'installments' by dropping the word 'equal', the above phrase was not changed by the amendment. However, the enactment does appear to expand the loan authority from a maximum maturity of five years and thirty-two days to ten years and thirty-two days and also modified provisions for charges and interest from that permitted under the statute before its 1974 amendment. The right to collect attorney fees was carried forward in substantially the same manner and the provision for a rebate was changed from a fixed amount to the Rule of 78.

"It is argued throughout this case by the bank and by the Association and the State Banking Commission that banks have always had power to make installment loans, back to 1893, subject only to existing usury statutes. Nowhere does it appear that this is denied.

"This simply says that banks do not need enabling authority by specific statute beyond its general banking authority in order to make installment loans. Based on arguments presented, in which counsel have provided the court excellent briefs from both sides, it appears that before the amendment of KRS 360.010, removing the limit on the rate of interest to be charged, specific statutes were enacted to provide for specific loans in order to avoid the limits of the usury statute. Now that usury is no longer a problem on loans over $15,000.00 under KRS 360.010, as amended, banks no longer need look to specific statutes for better loan contracts but can structure their loans under KRS 360.010, unless specifically prohibited by statute.

"Perhaps because of the reference of the 1974 amendment to installment loans or the expanding of them to terms up to ten years and thirty-two days do movants now attach to it an enabling authority upon which banks must look to lend money on an installment loan.

"KRS 287.215 deals with loans based on the term period, without reference to any specific amount. KRS 360.010 deals with specific amounts, either $15,000.00 and under or over $15,000.00, without any reference to any particular term period of payment.

"As amended, KRS 360.010 states,

" ' .....any party or parties may agree, in writing, for the payment of interest.....(b) at any rate on money due and to become due upon any contract in writing.....in excess of $15,000.00.'

"Both KRS 287.215 and KRS 360.010 recognize the existence of the other and neither is in conflict with the other.

"KRS 287.215(9) states that KRS 360.010 and others cited shall not apply to loans made under the authority of this section, but said sections shall remain in full force and effect for all other purposes.

"KRS 360.010 provides, with respect to parties authorized to enter upon loan agreements at any interest rate, that no law of this state prescribing or limiting interest rates shall apply to such agreement or to any charges which pertain thereto or in connection therewith, provided, however, nothing therein contained shall be construed to amend, repeal or abrogate any other law of this state pertaining to any particular type of transactions for which the maximum rate of interest is specifically prescribed or provided. This court does not find the word 'transactions' to mean installment loan, for if it was so intended, the legislature could easily have said so. However, Movants point to the provision and take the position that the legislature has required banks to make all over $15,000 loans under KRS 287.215. *Fiscal Court Com'rs, Etc. v. Jefferson, Etc.*, Ky.App., 614 S.W.2d 954 (1981).

"It is difficult to read such broad restriction into the amendment as would remove existing authority to make installment loans under KRS 360.010.

"The bank points to the fact that it has made loans since 1893 with restrictions on interest and now, based on the 1974 amendment, it may make over $15,000 loans under KRS 360.010, free of any usury restrictions. Because of interest restrictions retained on loans of $15,000 and less under KRS 360.010, banks have continued making their installment loans under the terms of KRS 287.215, which gives them a better interest rate.

"It is openly admitted by movants in their reply brief filed July 15, 1983, that installment loans for terms exceeding ten years and thirty-two days can be made by banks outside the authority of KRS 287.215 and free of any interest rate pursuant to KRS 360.010. If this be true, then under the same authority the banks may make any installment loan it may elect to do so, outside the provisions of KRS 287.215, unless it is determined that all installment loans for the term between five years and thirty-two days and ten years and thirty-two days must be made under KRS 287.215. This court does not find any provision in the statute that required such a construction. From reading the statutes, as amended, this court does not find that it is mandatory that all installment loans repayable in five years and thirty-two days and ten years and thirty-two days must be made under the provisions of KRS 287.215. However, the rate of interest and charges permitted will be determined from the statute under which the bank elects to make the loan, be it KRS 287.215 or KRS 360.010.

"If the legislature had wished that all certain installment loans should be made according to the terms of KRS 287.215, it could have clearly said that all installment loans for certain periods shall be made under its provision. Instead, it merely says, as it always provided,"

'In addition to the power heretofore granted, any bank or trust company shall have the power to lend money repayable in installments.....'

And then went on to set forth the terms under which the loans would be made.

"The bank's authority to continue making loans still existed and it was not changed or taken away by the 1974 amendments. The 1974 amendment of KRS 287.215 doesn't state that all installment loans must be made under its provisions. The only change made in the amendment of KRS 287.215 was on interest and charges on those loans made under its amended provisions, in addition to expanding its terms.

"Movants claim the bank has used the provisions of KRS 287.215 that are advantageous to it, with respect to:"

(a) investigator fee;

(b) attorney's fee;

(c) rebatement under Rule of 78;

none of which are provided for under KRS 360.010, and, therefore, the bank is estopped from denying Movants' loans were made under KRS 287.215.

"Prior to July 15, 1980, the right to collect an attorney's fee was limited to loans made under certain statutes, including KRS 287.215(3). In cases where the fee was disallowed, the courts uniformly held them to be unenforceable as against public policy, including attempts to collect the fee under KRS 355.3–106 (1964). *Mammoth Cave Prod. Credit Ass'n. v. Geralds*, Ky. App., 551 S.W.2d 5 (1977). In secure loans, fees were sought under KRS 355.9–504 (1958) for the disposition of collateral security. The allowance of such fee was held unenforceable where it involved a judicial sale. *Riley v. West Kentucky Production, Etc.*, Ky.App., 603 S.W.2d 916 (1980).

"Nowhere in these cases was the authority of the loan challenged because of the provision for attorney's fee.

"On July 15, 1980, KRS 453.250 became effective. It provides,

'Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employe of such creditor, obligee or lienholder.'

"The above provision removed the barrier of public policy and essentially opened all loans to the allowance of attorney fees, limiting them only to reasonableness as determined by the trial court.

"The fact the loans were executed before the effective date of the above statute was not a bar to its enforcement as of the date of judgment. *Central Kentucky Production Credit v. Smith*, Ky., 633 S.W.2d 64 (1982).

"In the case of *Freas v. First Federal Sav. and Loan Ass'n.*, Ky.App., 636 S.W.2d 660 (1982), the court held that the recovery of attorney fees would be limited to services rendered after July 15, 1980, the effective date of the statute.

"Both the above cases held the statute retroactive back to the date the note was executed.

"Although collection of attorney fees is permitted under KRS 287.215(3), the right to collect attorney fees is clearly permissible on loans structured outside the statute, based on the above authority. Therefore, this court is unable to find any basis to hold that the provision for attorney fees in notes executed to the respondent bank by Movants herein would, in itself, identify the note as only subject to the terms and provisions of KRS 287.215. This court finds no elements of estoppel applicable to Respondent for the reason of attorney fees.

"Unless specifically required by statute to do so, banks are not required to rebate unearned charges upon prepayment. However, under Regulation Z of Truth in Lending, Sec. 226.8(b)(7), as amended, effective January 1, 1974, it does require creditors that do not provide for any rebate to disclose that fact.

"However, on notes accelerated by a bank, it cannot collect interest beyond the time when the note became due and payable by reason of the acceleration. *Credit Alliance Corp. v. Adams Const. Corp.*, Ky., 570 S.W.2d 283 (1978).

" 'Rule of 78' is a widely accepted formula for computing rebates and is required under some statutes for certain classes of loans or financing. Many feel its popularity comes from the fact it favors the creditor. At the same time, it does provide a reliable formula for such purpose.

"The bank is a state chartered bank, licensed under Chapter 287 of the Kentucky Revised Statutes. As such, it always had power to structure loans over $15,-000.00, subject to the statute on usury. The limit as to interest and usury no longer exists under KRS 360.010.

"There is no known limit or prohibition as to the use of 'Rule of 78' on loans over $15,000.00, structured outside of KRS 287.-215.

.     .     .     .     .

"Therefore, it is this court's finding that under the statutes and authorities cited, based on the amendments referred to herein, banks are authorized to execute loans under either KRS 287.215 or KRS 360.010. On over $15,000.00 loans, banks may structure their loans under KRS 360.010, including provisions for charges, rebates and fees, similar to those provided for and required under KRS 287.215, if it so elects and the parties agree thereto.

"It is the court's finding that KRS 287.-215 does not bar parties by contract from including any of its provisions in a loan over $15,000.00 structured outside of its statute."

*     *     *     *     *     *

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are affirmed.

All concur except LEIBSON, J., who files a dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The language of KRS 287.215 and KRS 360.010 is plain enough. The terms of these loans fit squarely under KRS 287.-215.

KRS 287.215 says "KRS 360.010 shall *not* apply to loans made under authority of this section." Correspondingly, KRS 360.-010 excludes from its coverage "any other law of this state pertaining to any particular types of transactions for which the maximum rate of interest is specifically prescribed or provided." Thus these loans qualify under KRS 287.215 and are excepted from the unlimited interest language in KRS 360.010.

The banks cannot avoid the statutory mandate of KRS 287.215 by printing a disclaimer on the loan agreement. The statutory scheme does not permit the banks to pick and choose among the most favorable provisions in both statutes.